Brantley vs. Dempsey.

John W. Brantley, plaintiff in error, vs. D. Dempsey, defendant in error.

It is too late to object that a set-off cannot be pleaded in a suit for unliquidated damages, after there has been a trial and verdict on such plea. It ought to have been made at the trial.

Illegality, from Bibb county. Decision by Judge Lamar, at January adjourned Term, 1858.

This case was submitted in the Court below, upon the following agreed statement of facts:

John W. Brantley commenced suit against Dermod Dempsey, alleging that he had covenanted to put and keep in repair a certain storehouse which he had rented to plaintiff for the year 1855, and upon the faith of said covenant Brantley had rented the storehouse at a certain specified price, and put his goods into it: And further alleging that Dempsey had failed to make the repairs agreed on, by reason whereof the rain had damaged Brantley's goods to the amount of $500. Dempsey plead the general issue, and a set-off, consisting of a judgment for some $250, obtained on a portion of the rent notes, and a *fi. fa.* issued thereon, and that Brantley was insolvent. The case was tried on the appeal at May Term, 1857, in Bibb Superior Court, when the following verdict was returned: "We the jury find for the plaintiff one hundred and twenty-five dollars damages to be paid by this amount being credited on the *fi. fa.* in favor of Dempsey vs. Brantley;" and which credit was made on Demsey's *fi. fa.* by the Clerk at the instance of Dempsey's counsel, 4th September, 1857. Upon this verdict, Brantley's counsel entered a general judgment against Dempsey for $125, and notified his counsel, (who informed Dempsey of the fact at said May Term, 1857,) that they should claim a lien on said judgment for their fees in said case.

Subsequently, to-wit: 7th July, 1857, a *fi. fa.* issued in favor of Brantley against Dempsey, on said judgment, at the

instance of Brantley's counsel, and levied upon Dempsey's property 24th October, 1857, to which he filed his affidavit of illegality, on the following grounds:

1st. Because the *fi. fa.* issued without being predicated on any verdict or confession of judgment authorizing it.

2d. Because the same has been fully paid off and discharged.

3d. Because the verdict on which the same is founded authorized the amount found by the jury to be credited on Dempsey's *fi. fa.*, which had been done, and Brantley's *fi. fa.* thereby paid.

4th. Because to the suit brought by plaintiff vs. defendant, on which this *fi. fa.* is predicated, Dempsey pleaded a set-off, which was allowed by the jury, and this *fi. fa.* has illegally issued and is null and void.

The Court sustained the illegality, and counsel for Brantley excepted.

SAM. HUNTER; and LANIER & ANDERSON, for plaintiff in error.

L. N. WITTLE, *contra.*

*By the Court.*—McDONALD, J. delivering the opinion

This was clearly a suit for unliquidated damages, to which a set-off could not be pleaded, according to law. But the defendant did plead as a set-off, a judgment which he had obtained against plaintiff for rent. It appears from the record that the parties went to trial on the petition and plea without objection. If there had been objection made and overruled, and the plaintiff in error had wanted any benefit from that, he ought to have brought it up. The finding of the jury was in conformity with the issue to be tried by them, and was in effect assessing damages for plaintiff, but finding a balance for the defendant on his plea of set-off. The verdict ought to have been for a specified sum for the defendant,

Fitzgerald vs. Williams and Pace.

after deducting the amount of damages found for the plaintiff, and perhaps it would have been better to have had the verdict amended in that way; but as the result is precisely the same as between these parties, as the matter now stands, it is quite useless to disturb it.

There can be but little doubt that if the plaintiff had moved to strike out the plea of set off, the Court ought to have had it stricken.

The cases referred to by plaintiff's counsel are not like this, as far as we have been able to examine them. The case in *Cro. Car.* was not the allowance of a set-off, but a mere finding that the defendant should be allowed to pay the verdict in dying, if it was lawful for him to do so. In the case in *Cowen,* the plaintiff objected to the plea, and the case went up on that. There was no objection to the plea here.

Judgment affirmed.