Edward T. Taylor & Co., plaintiffs in error, vs. William E. Collier, defendant in error.

If a common carrier fail to deliver goods according to contract, and they are lost, he is liable for the value of the goods, at the place of destination at which he engaged to deliver them, deducting the freight.

Action on the case, in Dougherty Superior Court. Tried before Judge Allen, June Term, 1858.

This was an action brought by Edward T. Taylor & Co., against William E. Collier, to recover damages for failure to deliver four cotton gins.

*James Hill*, swore on the part of the plaintiffs, that in 1848, the defendant hired him to drive his wagon, and haul gins for the plaintiffs from the Chattahoochee; took four gins to be delivered in Lowndes county; the team gave out and he put said gins in an old house, and they have never been delivered.

*Slaton* said: He knows plaintiffs delivered defendant five gins, one was to satisfy him for the delivery of the other four to persons to whom they had sold them.

Defendant agreed to deliver them in time to gin the growing crop, and keep the one for his trouble; witness as agent, made with defendant this contract for the plaintiffs, and thinks if the gins had been delivered, plaintiffs could have sold a good many more in Lowndes county. The four gins were worth $400. The contract really was, that the defendant was to pay $100 for the gin he kept, in hauling at the rate of $4 per day.

*Huff*, overseer of defendant: Was overseer at the time the gins came to defendant. Defendant was absent, and witness had no instructions to receive them. Defendant's wagon and team carried the gins away.

Defendant introduced an exemplification of an action on the case for the failure to deliver these same four gins, in the county of Lee, which was nonsuited.

Also, introduced an exemplification of a suit in Lee against defendant by plaintiffs, to recover the gin the defendant kept, which last suit had been settled by defendant paying the money.

The evidence being closed, the jury found a verdict for defendant, and plaintiffs moved the Court for a new trial on the following grounds:

1st. Because the Court erred in striking out that part of the declaration claiming damages over and above the price of the four gins which defendant failed to deliver, because plaintiffs did not set forth the names of the parties to whom they could have sold other gins if the defendant had delivered them in terms of the contract.

2d. Because the Court erred in charging the jury that if the plaintiffs had recovered the price of one gin, it being to compensate the defendant for delivering the others, that it was a recision of the contract, and the defendant was not liable.

3d. Because the Court erred in charging the jury that if the defendant had agreed to haul gins for the plaintiffs from Chattahoochee, and defendant's driver had taken the gins upon the wagon at defendant's plantation, that they ought to find for defendant.

4th. Because the Court erred in refusing to charge the jury, that if they believed James Hill was employed by defendant, and had control of defendant's wagon and team, and driving the same for defendant, and taking the gins upon the wagon at defendant's plantation, and failed to deliver them, whereby plaintiffs lost said gins, hat the defendant was bound for the acts of his driver as a common carrier, and liable for the same.

5th. Because the verdict of the jury was contrary to law and the evidence.

The Court overruled the motion for a new trial, and plaintiff's counsel excepted.

Spicer, for plaintiffs in error.

Strozier & Slaughter, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

This action was brought by the plaintiffs, to recover of the defendant damages for failing to deliver four cotton gins in Lowndes county, to certain persons named in the declararation; and also for losing the opportunity of selling twenty-six others, by reason of the failure of the defendant to deliver the four in time, to gin the cotton crop of 1848.

On the trial, the defendant moved to strike out so much of the declaration as sought to recover anything on account of the twenty-six gins, as mere speculative damages. The Court sustained the motion, and we think, properly. A plainer case of contingent or speculative damages, has not perhaps been brought before this Court.

The testimony having closed, counsel for the plaintiffs requested the Court to charge the jury, that if they believed James Hill was employed by defendant, and had control of defendant's wagon and team, and was driving the same for defendant, and took the gins upon the wagon at defendant's plantation, and failed to deliver them at the place of destination, and they were thereby lost to the plaintiffs, the defendant was bound by the acts of his driver, as a common carrier, and liable to the plaintiffs for the gins.

This request, the Court refused, and on the contrary charged the jury, that if they believed that defendant had agreed to haul the gins for plaintiffs, from Chattahoochee, and defendant's driver had taken the gins upon his wagon at defendant's plantation, they ought to find for the defendant.

The objection both to the request to charge, and the charge as given, is for want of accuracy and fulness.

There was some proof, that the gins were to be hauled from Chattahoochee. Hill swore without objection, that the defendant so stated to him. Still he took the gins at Collier's plantation. Huff the overseer of Collier, swears, that he had an impression, that the gins were to be hauled

from Chattahoochee. Slaton, however, the agent of the plaintiffs, delivered the gins at defendant's plantation. And notwithstanding Mr. Huff's testimony, that he refused to receive them, they were left there ; and from that place, they were taken by Hill, the wagoner of Collier, who started with them to Lowndes county; and the horses giving out by the way, the gins were deposited in an old house; and that is the last we hear of them. No complaint is heard from Mr. Collier, that his wagoner exceeded his authority. No notice is given to the plaintiffs, that their property, has been put out by the wayside. They are not brought back to Collier's plantation.

Independent of the general authority of the wagoner to haul for plaintiffs, the jury might well infer from all the facts and circumstances of the case, the subsequent assent of Collier to this act of Hill, his driver. One thing is certain, the gins were taken by Collier's driver, from Collier's plantation, and left at an unauthorized place, and thereby the plaintiffs have lost their property.

The Court further charged the jury, that if they believed, that plaintiffs had received the price of one gin, it being to compensate the defendant for his services, in delivering the others, it was a rescission of the contract, and the defendant was not liable.

Here we think, was a clear misconception of the law of the case. Had the plaintiffs sued to recover the fifth gin, it would show an abandonment perhaps of the contract. This he did not do. They brought an action to recover *the price* of one gin, which they did: That is, they get back the price of the hauling which they had paid in advance. Well, what then ? It left the parties just where they stood under the contract alleged to have been broken by the defendant. It is no rescission of the contract.

What then is the law of the case, provided, it should turn out that the contract has been violated? This Court laid pown the rule in *Cooper vs. Young*, 22 *Ga. Rep.* 271, to be.

this: That if a common carrier fails to deliver goods according to contract, and they *are lost*, he is liable for the value of the goods, at the place of destination, at which he engaged to deliver them, deducting the freight.

The price of the four gins in Lowndes county was $400, the freight $100 leaving $300, as the measure of the plaintiffs' recovery. There may be some conflicting authority upon this point. But the rule is pretty well sustained. And having been adopted by this Court, we see no reason for not adhering to it.

Upon the whole, we think the case had best be remanded for a new trial.

Judgment reversed.