## FLORIDA CENTRAL AND PENINSULAR RAILROAD COMPANY *v.* BERRY.

Where an owner of goods delivers them to a railroad company to be shipped to a designated point, and a bill of lading is issued to the owner, in which he is named as both shipper and consignee, and which contains the words, "notify" a third person, it is the duty of the railroad company, unless otherwise instructed by the owner, or by some holder of the bill of lading properly indorsed, to transport the goods, within a reasonable time, to the point of destination mentioned in the bill of lading.　The company will not be relieved of liability to the owner for loss occasioned by a failure to comply with this obligation, by showing that the failure to deliver the goods at the point of destination within a reasonable time was due to instructions not to deliver, given by the person whom it was directed in the bill of lading to notify of the arrival of the goods at their destination, who at the time of such instructions was not in possession of the bill of lading nor entitled to its possession.　Such person could not acquire any title to the goods or right to control the ship-

ment until he came into possession of the bill of lading properly indorsed by the consignor.

Submitted May 1, —Decided July 23, 1902.

Action for damages.   Before Judge Eve.   City court of Richmond county.   January 18, 1902.

*Joseph B. & Bryan Cumming*, for plaintiff in error.
*J. R. Lamar*, contra.

COBB, J.   This was an action by Berry to recover damages from the railroad company, for a failure to deliver within a reasonable time two car-loads of bran shipped from Augusta, Georgia, to Tampa, Florida.   A bill of lading was issued to Berry, in which he was named as both shipper and consignee, but which contained the words "notify Phillips & Fuller."   The bill of lading was indorsed by Berry and attached to drafts upon Phillips & Fuller, which were sent for collection to a bank at Tampa.   These drafts were not paid.   At the trial the railroad company offered evidence tending to show that the failure to deliver the bran in Tampa was due to instructions given to it by Phillips & Fuller, and that it could have delivered the bran at Tampa within a reasonable time if it had not been for these instructions.   The court rejected this evidence, and this is assigned as error.   It is therefore necessary to determine what control, if any, Phillips & Fuller had over this shipment before they paid the drafts attached to the bill of lading. The contract contained in the bill of lading was an agreement on the part of the railroad company to carry the goods to Tampa, Florida, within a reasonable time, and nothing short of this was a compliance with the contract.   See Hutch. Car. (2d ed.) § 328.   If the carrier had transported the goods to Tampa within a reasonable time, it would have complied with its contract.   Until it had done this, Phillips & Fuller had no connection at all with the transaction. Under the contract made with the railroad company Berry retained title to the goods shipped, and Phillips & Fuller could not acquire title to the same until the goods were delivered and paid for by them.   See *Erwin* v. *Harris*, 87 *Ga.* 333, 336.   The direction in the bill of lading to notify Phillips & Fuller was, in effect, an instruction to the company to advise them that the goods had reached their destination; and until the goods had reached their destination no notice to Phillips & Fuller was required, and until that time

they had no concern with the transaction.   The carrier should have transported the goods to Tampa, the place of destination, and if Phillips & Fuller failed or refused, within a reasonable time, to appear with the bill of lading properly indorsed and receive the goods, the railroad company could have stored the goods in Tampa and held the same at the risk of Berry, its liability from that time on being simply that of a warehouseman.   *Georgia & Alabama Railway* v. *Pound*, 111 *Ga.* 6 ; Hutch. Car. (2d ed.) § 368 et seq.   Even if the goods had reached Tampa within a reasonable time, Phillips & Fuller, under the stipulations in the bill of lading, would have had no right to receive or otherwise control the property shipped until they presented the bill of lading indorsed by Berry.   *Boatmen's Bank* v. *Railroad Co.*, 81 *Ga.* 221 ; Hutch. Car. (2d ed.) § 121 (b).   There was no error in rejecting the evidence.   The fact that Berry, after notice to him that the goods had not been transported to Tampa, still insisted upon the payment of the drafts by Phillips & Fuller would not relieve the railroad company from liability to him for a failure to transport the property within a reasonable time.   Such was the undertaking of the company, and Berry had a right to expect that the contract would be complied with.   Neither would the railroad company be relieved from liability by showing that the goods had been transported to a point near Tampa, but not at the place of destination in Tampa, and there held subject to delivery in Tampa whenever Phillips & Fuller should so require.   Under the bill of lading Phillips & Fuller had no right to take control of the goods shipped until after the drafts attached to the bill of lading were paid.   The railroad company, under the terms of the contract, was to treat Berry as the owner of the goods until some one appeared with the bill of lading indorsed, demanding delivery of the property.   Berry, as the owner of the goods and the consignee in the bill of lading, had a right to demand of the railroad company that the goods be carried to their point of destination within a reasonable time.   The railroad company had no right to deal with Phillips & Fuller, nor was it under any obligation to notify them of anything, until the goods had been safely transported to the point of destination at Tampa, Florida.   There was no error in the rulings complained of.

 *Judgment affirmed.   All the Justices concurring, except Lewis, J., absent.*