## CENTRAL OF GEORGIA RAILWAY COMPANY *v.* CHICAGO PORTRAIT COMPANY.

1. Where a petition can be construed either as a suit in contract or as an action for a breach of duty arising out of the contract, the latter construction will be adopted.

2. The shipment by a common carrier of non-perishable merchandise from the point of destination to another point on the line of its railway, for the purpose of sale as unclaimed freight, within less than six months from the time such goods arrive at destination, is a conversion of the same in the county where the point of destination is located.

3. In an action of tort against a common carrier for the conversion of goods consigned to the plaintiff, the carrier can not take advantage of his own

wrong, nor lessen the measure of his liability, by invoking an agreed valuation which the plaintiff may have made for the purpose of reducing the freight rate or securing like collateral advantage.

4. In an action of the character above indicated, the expenses of the plaintiff's agent, incurred while waiting for the delivery of the freight upon the statement of the agent of the carrier that the same had not arrived, when in fact it was then in his possession, is too remote to be the basis of a recovery against the carrier.

5. The allegations of the petition were not sufficient to authorize the recovery of attorney's fees.

6. The evidence authorized a verdict for the actual value of the goods converted, and the judgment is affirmed upon condition that all other sums be written off.

Argued December 15, 1904. — Decided January 30, 1905.

Action for damages.    Before Judge Hobbs.    City court of Albany.    July 12, 1904.

The Chicago Portrait Company brought suit against the Central of Georgia Railway Company, alleging that it delivered to the railway company in Chicago five boxes of non-perishable merchandise, to be transported by the defendant and its connecting carriers to Albany, Georgia; that the merchandise was delivered to the defendant company and by it transported to its destination; that it reached Albany in good order; and that the defendant converted the same by causing it to be shipped to Savannah, Georgia, as unclaimed freight and there sold at public outcry, within less than six months after the same had arrived at Albany. The defendant filed special demurrers to the petition, a plea to the jurisdiction, and an answer. The trial resulted in a verdict for the plaintiff, and the defendant assigns error upon the judgment overruling its demurrers, plea to the jurisdiction, and motion for a new trial.

*Wooten & Hofmayer*, for plaintiff in error.
*S. J. Jones* and *Mayson, Hill & McGill*, contra.

COBB, J.    1. We think the petition can be properly construed as seeking to recover for a tort committed in converting the goods. But even if the language of the petition is equivocal, any doubt as to its meaning is to be resolved by construing it as an action for a tort, rather than as an action for a breach of the contract of transportation.    It has been said that in cases where the plaintiff has a right to elect to sue either upon a contract or for a tort arising out of a breach of duty under the contract, the petition, if

equivocal in its terms, will be construed as claiming damages for the tort.  *Aiken* v. *Southern Railway Co.*, 118 *Ga.* 120.

2. The suit was brought· in the city court of Albany. · The goods were sold in Savannah.   The plea to the jurisdiction set up that the suit was improperly brought in Dougherty county, but should have been brought in Chatham county where the sale took place, it being claimed that there was no conversion of the goods until the sale took place.   The sale was undoubtedly a conversion ; but we think the conversion was complete when the agent at Albany shipped the goods to Savannah as unclaimed freight, for the purpose of sale, within less than six months after they had arrived at destination.    See Civil Code, § 2303.   The plaintiff might have sued in Savannah, but it certainly had a right to sue in Albany.

3. It was contended that the contract of transportation was an Illinois contract, and was therefore to be governed by the laws of that State ; and that under such laws a common carrier has a right to make a special contract, upon a sufficient consideration, limiting its liability for negligence and fixing the amount to be recovered in the event of a loss; and that under the contract made in this case with the initial carrier in Illinois, if the plaintiff was entitled to recover at all, it was entitled to recover only $5· for every hundred pounds of freight.   We do not find it necessary to determine in this case whether the contention as to the law of Illinois is correct, or whether, if correct, that law is applicable to the contract of carriage referred to in the petition.   This suit is not brought for a breach of the contract of carriage.   The wrong complained of is a conversion of the plaintiff's goods after the contract of carriage was completed.   As was well said by Mr. Justice Lamar, in *Georgia Southern & Florida Railway Co.* v. *Johnson*, 121 *Ga.* 233,  " In an action of trover or damages for conversion the tort-feasor could not take advantage of his own wrong, nor lessen the measure of his liability, by invoking an agreed valuation which the plaintiff may have made for the purpose of reducing the freight rate or securing like collateral advantage."

4. The plaintiff claimed as a part of its damages the expenses of its agent while he was waiting at Albany for ·the goods to arrive, after four of the boxes had reached there and the agent had informed him that the other would soon come, when in fact

it had actually arrived at that time.   We do not think damages of this character could be properly recovered.   They do not flow directly from the wrongful act, and are too remote to be the basis of a recovery.   The court, therefore, erred in not striking upon demurrer that portion of the petition which claimed these damages.

5. In the 9th paragraph of the petition appears the following allegation :   "Petitioner insists that as it has made every effort for the past year and a half to get a settlement of this claim out of said railway, without success, and said company's persistent refusal to settle or pay the same entitles petitioner to recover from said company its reasonable attorney's fees incurred in bringing and prosecuting this suit, which it shows is the sum of one hundred dollars."   The averments just quoted were specially demurred to, on the ground that they did not set out any legal reason why the defendant should be subjected to a claim for attorney's fees.   We think this demurrer was well taken.   Attorney's fees are not generally allowed a litigant; but the code declares that they may be allowed if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense.   Civil Code, § 3796.   There was no allegation that the defendant had acted in bad faith, or had been stubbornly litigious, nor was it in terms alleged that it had caused the plaintiff unnecessary trouble and expense.   The averment was in effect merely that the defendant had so acted as to compel the plaintiff to bring a suit to recover the amount due it.   This is not sufficient to tax the defendant with attorney's fees.   *Pferdmenges* v. *Butler*, 117 *Ga.* 400; *Traders Ins. Co.* v. *Mann*, 118 *Ga.* 381.

6. While there are other assignments of error, none of them are of such a character as to require an extended discussion, and any error that may have been committed would not be sufficient of itself to require a reversal of the judgment.   The evidence fully authorized a judgment in favor of the plaintiff for the sum of $138.60, as the value of the articles lost; and as this exact amount was sued for, and no interest was claimed in the petition, the recovery should have been limited to this sum.   *Ga. R. Co.* v. *Crawley*, 87 *Ga.* 192.   If the plaintiff will write off from the verdict and judgment the attorney's fees found and all damages

except $138.60, the judgment will be affirmed; otherwise a judgment of reversal will be entered.

*Judgment affirmed, on condition.    All the Justices concur.*