### MACON AND BIRMINGHAM RAILWAY COMPANY *v.* WALTON.

BECK, J.   1. Where a suit was brought in a justice's court, and was dismissed on motion of the defendant because the summons did not comply with the requirement that it have attached thereto "a copy of the cause of action sued on," and because "it was impossible to tell from the summons, or the 'account' thereto attached, the nature of the claim upon which the action was based," no adjudication of the merits of the cause was made.

2. The court properly overruled a plea of res adjudicata which alleged that a cause between the same parties had been dismissed for the reasons stated in the preceding headnote.

3. A petition alleging that the defendant company "did on the 23d day of July, 1902, undertake to transport from Lizella, Bibb county, Ga., to Atlanta, within a reasonable time, a certain car-load of watermelons; . . that said defendant failed to transport said car of melons within a reasonable time, said melons having been delayed three days or more, . . were damaged on account of said delay to the amount of $50," states a cause of action arising ex contractu.

4. And it sufficiently shows that the contract was entered into in Bibb county where the suit was brought; and was, therefore, good as against that ground of the demurrer raising the question of venue.

5. That paragraph of the petition claiming damages alleged to have been sustained in consequence of defendant's routing the car over a different line from that stipulated in the contract of affreightment was not open to demurrer upon the ground that it does not set out a cause of action.

6. A paragraph alleging that the plaintiff "was [damaged] for overcharge of freight on said car of melons in the sum of $20" was not open to demurrer on the ground that it set forth no legal cause of action; and the further demurrer to this paragraph, pointing out that it was wanting in definiteness, was sufficiently met by appropriate amendment.

7. The paragraph of plaintiff's petition alleging that "if said melons were not delayed in transit, they were damaged by reason of the fact that said company failed to notify your petitioner of the arrival of said car of melons, as is the general custom of railroads in Atlanta, as well as of this defendant; and that if petitioner was notified, it was after the said damages had been sustained, and not immediate notice, as is the general custom to give," was duplicitous, and the court erred in overruling a ground of the demurrer pointing out this vice, the same not being cured by an amendment merely alleging that said paragraph is amended so that "it shall read as follows: Petitioner shows that said melons were damaged by reason of the fact that said company failed to notify, etc., remainder as in petition." What the abbreviation "etc." was intended to include is left to conjecture, and it does not clearly appear whether the amendment is to precede the paragraph as it stood originally, or is to stand in lieu of it. *Pitts* v. *Smith*, 108 *Ga.* 37.

8. It is unnecessary to deal with the other questions raised by the assignment of error upon the judgment overruling the motion for a new trial. The court below having erroneously overruled that ground of the demurrer last set forth, all subsequent proceedings in the trial are to be considered as nugatory. *So. Ry. Co.* v. *Dyson*, 109 *Ga.* 104; *Lou. R. Co.* v. *Cody*, 119 *Ga.* 372.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

Submitted July 18, 1906.—Decided January 15, 1907.

Appeal.    Before Judge Felton.    Bibb superior court.    January 4, 1906.

*Hardeman & Jones,* for plaintiffs in error.

*B. J. Dasher,* contra.