### 615.  JENKINS *v.* SEABOARD AIR-LINE RAILWAY.

1. Where a contractual relation, such as that of shipper and carrier, exists between the parties, so that the carrier rightfully obtains possession of the property, and a conversion is not alleged, a suit brought to recover damages arising from delay in delivery or failure to deliver is not necessarily an action ex delicto. In such a case the plaintiff has an option to waive the tort and maintain assumpsit. *Bates* v. *Bigby,* 123 *Ga.* 729 (51 S. E. 717). The present case is distinguished from *Cragg* v. *Arcndale,* 113 *Ga.* 181 (3 S. E. 399), and *Southern Ry. Co.* v. *Born Steel Range Co.,* 122 *Ga.* 658 (50 S. E. 488), both of which deal with cases in which a conversion was alleged. If a petition is ambiguous, this may furnish ground for demurrer, but the plaintiff may amend so as to show clearly whether he is suing for a tort or for a breach of contract. *King* v. *Southern Ry. Co.,* 128 *Ga.* 288 (57 S. E. 507); *Central Ry. Co.* v. *Pickett,* 87 *Ga.* 734 (13 S. E. 750).

Appeal, from Chatham superior court—Judge Cann. June 5, 1907.

Submitted October 30, 1907.—Decided January 15, 1908.

*D. H. Clark,* for plaintiff.

*J. Randolph Anderson, Thomas F. Walsh Jr.,* for defendant.

RUSSELL, J. The plaintiff in error instituted an action in the justice's court to recover $72.50 as damages on account of loss sustained through failure of the defendant to transport a shipment of beans. The case was appealed to the superior court of Chatham county, where the action was dismissed upon the ground that the justice's court was without jurisdiction of the subject-matter. The bill of exceptions assigns error upon the refusal of the court to allow two amendments to the summons, and also upon the judgment dismissing the suit.

The controlling question in the case is, whether the action as originally brought was one ex delicto, or ex contractu. It is well settled that one may waive his action for the tort and sue on the contract. It is likewise beyond dispute that a justice's court has no jurisdiction of actions ex delicto, except for injury to personal property less than $100. If the action originally brought sounds in contract, the amendment should have been allowed. If the suit should be construed as one in tort, the court correctly disallowed the amendments; because an action ex delicto can not be transformed by amendment into one ex contractu. These principles are axiomatic. The original summons is in the following words: "You are hereby summoned personally or by attorney to be and appear at a justice court of said county and State, to be held at No. 420 Bryan St. West, being the place of holding the justice's court, for the First District, G. M., in the city of Savannah, county and State aforesaid, on the 1st day of August, 1905, at 10 o'clock A. M. of said day, to answer to complaint entered against you by C. R. Jenkins, to recover the sum of seventy-two & 50/100 dollars, the value of twenty-nine crates of beans, property of plaintiff, delivered on the 11th day of May, 1905, to defendant, at its station, Meinhardt, Ga., for shipment to Chapin Bros., Boston, Mass., and by defendant accepted, but not delivered to consignee; to the loss and damage of said plaintiff the sum of seventy-two & 50/100 dollars, and—cents, besides interest; a copy of which is hereto annexed; and in case of your refusal or neglect the court

will proceed as to justice shall appertain. Given under my hand and seal of office at Savannah, county and State aforesaid, this the 15th day of July, A. D. 1905. [Signed] Richard Wickham, J. P. Justice of the Peace, C. C. Ga." "1905. May 11. To 29 crates of round beans, delivered to and accepted by defendant, and lost by failure to deliver in time, at $2.50 a crate. $72.50."

Counsel for plaintiff in error insists that the lower court improperly distinguished between a case where the defendant wrongfully came into possession and refuses to account, and a case where the defendant's possession has been obtained by consent and agreement and he fails to account. And the ruling in the case of *Macon & Birmingham R. Co.* v. *Walton,* 127 *Ga.* 294 (56 S. E. 419), is relied upon to sustain the contention that the justice's court had jurisdiction, and therefore, upon appeal, the superior court had jurisdiction. In the *Walton* case, supra, it was held that "a petition alleging that the defendant company 'did . . undertake to transport from Lizella, Bibb county, Georgia, to Atlanta, within a reasonable time, a certain car-load of watermelons; . . that said defendant failed to transport said car of melons within a reasonable time, said melons having been delayed three days or more, . . were damaged on account of said delay to the amount of $50.00,' states a cause of action arising ex contractu." It will be observed that there is a very slight difference between the wording of the summons in the present case and in the *Walton* case. In the *Walton* case the summons specifically alleged that the damages to the melons arose on account of the delay. In the present case the failure to deliver to the consignee in time is alleged to be the reason of the loss and damage. According to the allegations of the *Walton* case, the watermelons were delivered, but in a damaged condition, due to the delay in the shipment. In the present case the allegation (considering as we must the account attached to the summons, in connection therewith and as a part of it) is practically the same.

If it be admitted that it is ambiguous whether the action in the present case is one predicated upon a breach of contract, or whether damages are sought for a tort, still, even in that event, the plaintiff had the right, at his option, to treat it as an action on the contract. The defendant, though it had the right to demur, could not defeat the right of plaintiff to make this election by

means of a proper amendment responsive to the demurrer. In *Central Railroad Co.* v. *Pickett,* 87 *Ga.* 734 (13 S. E. 750), it was held that "where a declaration against a common carrier is susceptible of being construed equally as an action upon contract or an action of tort based upon an alleged violation of a public duty by the carrier, and the same is not demurred to, the plaintiff at the trial may, at his option, elect to treat it as either species of action." In that case Justice Lumpkin, delivering the opinion, declared that the declaration was ambiguous and susceptible of being construed either as an action upon a breach of contract or for a violation of a public duty. Thereupon the court held that "the defendant was entitled to be distinctly informed of the nature of the complaint against it, in order that it might have a fair opportunity to make its defense, but it neglected taking the proper step to secure this important right by failing to demur to the declaration. Had it done so, the court below would either have dismissed the cause for duplicity, or required the plaintiffs to so shape their allegation as to leave no doubt of the manner in which they sought to hold defendant liable." In the more recent case of *King* v. *Southern Ry. Co.,* 128 *Ga.* 288 (57 S. E. 507), the Supreme Court, after stating that it is frequently difficult to determine whether an action is ex contractu or ex delicto, reaffirms the right of the plaintiff to treat his right of action, which is ambiguous, at his own option, as arising from contract, or as sounding in tort, as he may prefer, holding that "if a petition is ambiguous as to whether the suit is for a tort or based on contract, this may furnish ground for demurrer, duly filed. The plaintiff, however, may amend so as to clearly show whether he is suing for a tort or for a breach of contract." These rulings are not in conflict with what is held in *Central Ry. Co.* v. *Chicago Portrait Co.,* 122 *Ga.* 11 (49 S. E. 727), because in that case the right of the plaintiff to elect is recognized. See also *Seals* v. *Augusta Southern R. Co.,* 102 *Ga.* 818 (2) (29 S. E. 116).

Counsel for defendant in error relies especially upon the rulings in *Southern Ry. Co.* v. *Born Steel Range Co.,* 122 *Ga.* 658 (50 S. E. 488), and *Cragg* v. *Arendale,* 113 *Ga.* 182 (38 S. E. 399). Both of these cases, however, are instances where conversion of the property was plainly alleged; and as held by this court in *Atlantic Coast Line R. Co.* v. *Goodwin,* 1 *Ga. App.* 351 (57 S.

E. 1070), such conversion is a tort. In the case of *Southern Ry. Co.* v. *Born Steel Range Co.* supra, it was held that "where the pleadings do not show that the property has been converted into money, and the suit is to recover the value of the property, the action is ex delicto and not ex contractu." But as well said on page 659, by Justice Evans, delivering the opinion of the court, "The gravamen of the plaintiff's complaint is that there had been a conversion of the property. It is alleged that the carrier not only failed to deliver the goods to the consignee, but also refused to reship them to the plaintiff on its demand." The *Born* case, being, according to the allegations of the summons, clearly an action to recover the value of the property converted by the carrier, was controlled by the ruling in *Cragg* v. *Arendale,* 113 *Ga.* 182 (4) (38 S. E. 399), because it was not alleged that there had been a sale of the property converted; and for that reason the aggrieved party could not sue in assumpsit for money had and received to the plaintiff's use, but was restricted to an action ex delicto, of which the justice's court had no jurisdiction. In the present case the summons does not allege a conversion, but, construing the summons and the account together, it is plainly alleged that the defendant has damaged the plaintiff by the loss in value in the beans because of delay in delivery; the idea of a conversion is really negatived, and the case is controlled, in our judgment, by the decision in *Bates* v. *Bigby,* 123 *Ga.* 729 (51 S. E. 717), in which Chief Justice Fish delivering the opinion says, "All the authorities agree that where personal property is tortiously taken and converted into money, the owner may waive the tort and sue the wrong-doer in assumpsit. They differ, however, as to the right of the owner to sue in assumpsit where the wrong-doer has not sold or otherwise disposed of the property, but retains it for his own use. This court has held that where one wrongfully takes the personalty of another and converts it to his own use in some manner other than by a sale and receipt of money therefor, the owner is restricted to his right of action ex delicto—he can not waive the tort and sue ex contractu. *Cragg* v. *Arendale,* 113 *Ga.* 181, and cit. Where, however, a contractual relation exists between the parties, such as that of bailor and bailee, so that the latter rightfully obtains possession of the property, a tort arising out of a breach of the bailee's duty imposed by his relation may be

waived by the bailor and assumpsit maintained, the reason being that the relation of the parties, out of which the duty violated grew, had its inception in contract. 4 Cyc. 331, 332, Zell *v.* Dunkel, 160 Pa. St. 353 [27 Atl. 38]; Tindall *v.* McCarthy, 44 S. C. 487 [22 S. E. 734]."

In the present case, according to the allegations of the summons (at least sufficiently for the purposes of a justice's court), the defendant was rightfully in possession of the beans,—had not converted them to its own use,—but, having been intrusted with them for the purpose of delivery, had damaged the plaintiff by delay in delivery. So far from delivery being denied, it is rather to be inferred from the statement of the account. We are therefore clear in the opinion that the learned trial judge erred in dismissing plaintiff's action.

2. Having held that the action is one ex contractu, it necessarily follows that the amendments offered by the plaintiff which amplified the statement of his cause of action should have been allowed. A petition showing a plaintiff and a defendant, and setting out sufficient facts to indicate and specify some particular transaction as a cause of action, is enough to amend by. If the original summons of the plaintiff was not of itself sufficient to meet the requirements as to pleadings in a justice's court, the amendments offered and refused set out an express written contract to carry and deliver the goods in question. The receipt evidenced a contract of bailment. A bailment is a delivery of goods upon a contract, express or implied, to carry out the object and dispose of the property in conformity with the purposes of the trust. Civil Code, §2894.

The second amendment offered still more clearly negatived the idea that the action was for a conversion, the amendment offered being as follows: "That said defendant, at the time of the reception of said beans, did not transport and deliver the same within a reasonable time to their place of destination, but so delayed in their transportation that plaintiff was injured and damaged the difference between the price he should have received, if delivered within a reasonable time, and the price he did receive when actually delivered, to wit, the sum of $72.50." It was not, as contended by counsel for the defendant, an attempt to set up by amendment a new cause of action. As held by the Supreme Court in *City of*

*Columbus* v. *Anglin*, 120 *Ga.* 793 (48 S. E. 318), the test by which it may be determined whether an amendment sets up a new. cause of action is whether or not the facts alleged in the amendment show substantially a different wrong in the same transaction alleged in the original suit. As we think it can be clearly inferred that the original suit only claimed damages in the deterioration in value of the beans *caused by delay,* and as the proposed amendment only set forth the same alleged wrong more definitely, the amendment met the test proposed by the *Anglin* case and should have been allowed.  *Judgment reversed.*