### 1657.   PAXSON BROTHERS v. WARFIELD et al., receivers.

Where a carrier accepts a shipment of goods and gives a bill of lading specifying that they are to be carried and delivered to the order of the consignor at a given destination, though some other person is to be notified as consignee, and the original consignor attaches the bill of lading to a draft upon the person to be notified and endorses it and sells the draft and bill of lading to a third person, that person becomes the owner of the shipment, and neither the original consignor nor the designated consignee has any right to control it as against him.

Trover, from city court of Abbeville—Judge Nicholson. December 14, 1908.

Submitted February 25,—Decided June 15, 1909.

*Hal Lawson,* for plaintiffs.   *Tom Eason,* for defendants.

POWELL, J.    Paxson Brothers brought suit against the receivers of the Seaboard Air-Line Railway, in trover, for a car-load of brick. It appears that on August 18, 1908, the Ocmulgee Brick Company delivered to the railway company at Abbeville, Ga., the car-load of brick, and took from it a bill of lading specifying the brick com-

pany as consignor, and stating that the goods were consigned "order notify" D. B. Williamson at Lyons, Ga. Among other stipulations in the bill of lading were the following: "Not negotiable. If the word 'order' is written immediately before or after the name of the party to whose order the property is consigned, the surrender of this bill of lading, properly endorsed, shall be required before the delivery of the property at destination, as provided by section 8 on the back hereof. . . If the word 'order' is written hereon immediately before or after the name of the party to whose order the property is consigned, without any condition or limitation other than the name of the party to be notified of the arrival of the property, the surrender of this bill of lading properly endorsed shall be required before the delivery of the property at destination." On August 19 the Ocmulgee Brick Company attached a draft on Williamson to the bill of lading and sold and endorsed the draft and bill of lading to the plaintiffs. The plaintiffs had the bill of lading and draft forwarded to the bank and presented to Williamson, who refused to pay it. Williamson notified the agent of the railway company at Lyons, Ga., that he refused to accept the brick. The agent at Lyons so notified the agent at Abbeville, who in turn notified the Ocmulgee Brick Company, which gave instructions that the car-load of brick be returned to Abbeville. Acting upon this authority the railroad company caused the brick to be so returned. The plaintiffs, having been informed that the shipment had taken this course, made a demand upon the railroad company for the car-load of brick, presenting the endorsed bill of lading; but the railroad company refused to make delivery unless they would pay the freight from Abbeville to Lyons and from Lyons to Abbeville, together with all demurrage charges thereon; whereupon the plaintiffs brought an action of trover against the receivers of the railway company for the full value of the brick. Upon the trial the court excluded all evidence as to the endorsement of the bill of lading from the Ocmulgee Brick Company to the plaintiffs, as well as the draft which accompanied it, and directed a verdict in favor of the defendants. Upon what ground the court based the ruling we are not informed by the record. We judge from the argument of counsel that the court accepted the view, urged by counsel for the defendants, that the railway company had the right to act upon the instructions of the original consignor until

it was notified that the bill of lading had been endorsed to a third person.

A bill of lading stipulating for the delivery of the goods to the consignor's order is in a general sense negotiable. *Raleigh & Gaston R. Co.* v. *Lowe*, 101 *Ga.* 320, 321 (28 S. E. 867). The transferee of such a bill of lading becomes the owner of the property when it is so intended between the parties; and prima facie such an intention will be inferred where there is an endorsement in blank. *Joiner* v. *Stallings*, 127 *Ga.* 203 (56 S. E. 304); *Askew* v. *So. Ry. Co.*, 1 *Ga. App.* 79 (58 S. E. 242). That ownership of the goods and right to control the shipment, which ordinarily belongs to the consignee, vests in the transferee of the bill of lading. *Boatmen's Saving Bank* v. *W. & A. R. Co.*, 81 *Ga.* 221 (7 S. E. 125); *Fla. Central Ry. Co.* v. *Berry*, 116 *Ga.* 19 (42 S. E. 371); The Thames, 81 U. S. (14 Wall.) 98 (20 L. ed. 804). The legal holder of the bill of lading has the authority to receive the goods or to give directions as to their disposition, to the exclusion of both the original consignor and consignee. *Chicago Packing Co.* v. *Sav., Fla. & Western Ry. Co.*, 103 *Ga.* 140, 143 (29 S. E. 698, 40 L. R. A. 367). *Askew* v. *So. Ry. Co.*, supra. For a full discussion of the rights of the carrier, of the consignee, of the consignor, and of the holder of the bill of lading, see the monographic note in 38 L. R. A. 358, appended to the case of Nebraska Mills *v.* St. Louis Ry., 64 Ark. 169 (41 S. W. 810, 62 Am. St. R. 183). When the railway company without the direction or consent of the plaintiffs, who were the legal holders of the bill of lading, caused the shipment to be moved from Lyons to Abbeville, and demanded of them the freight charges for the return trip as a condition precedent to delivery, it was guilty of a conversion. The plaintiffs were thereupon entitled to recover the full value of the shipment, without any deduction for the freight charges. *Atlantic Coast Line R. Co.* v. *Goodwin*, 1 *Ga. App.* 354 (57 S. E. 1070). Of course there are transactions in which by the endorsement of the bill of lading the consignor does not intend to make the transferee the owner of the shipment, but merely to place the title in the latter for some qualified use or purpose. In those cases the rules we have stated above are not applicable in all their phases. Of course, if the consignor had merely endorsed the draft and bill of lading to the bank or some similar institution for collection only, he would

have retained such an ownership in the goods as would have authorized him to give directions in regard to their disposition, not inconsistent with the rights of the holder of the bill of lading.

*Judgment reversed.*