3212. SOUTHERN RAILWAY CO. v. STROZIER & WATERS.

1. It is well settled that, to support an action of trover, the plaintiff must show either title in himself at the time when the suit was commenced, prior possession, or the right of possession.

2. "Where a bill of lading is attached to a draft drawn on a third person, it will be treated as security for the draft, and neither title to the goods, nor right to the bill of lading, will pass to the drawee until, as required therein, he accepts, or accepts and secures, or pays the draft, as the case may be."

3. While the general rule is that where one orders goods to be shipped by a common carrier, and the order is accepted and the goods shipped, a delivery to the carrier is a delivery to the purchaser, the carrier being the agent of the purchaser to receive them, and when this is done the title passes from the vendor to the vendee, this general rule is subject to exception. If for any reason the seller, at the time of the shipment and delivery of the goods to the common carrier, takes a bill of lading to his own order, and attaches thereto a draft for the purchase-money, he thereby expresses his intention to retain the title until the draft is paid, or accepted and secured; and, where this method of shipment is adopted, the carrier becomes the agent of the seller or consignor, and would be authorized to deliver the goods only on a surrender to it of the bill of lading.

4. This case is fully controlled by the decision of this court in *Moss* v. *Sell*, 8 *Ga. App.* 588 (70 S. E. 18), and the decision of the Supreme Court in *Erwin* v. *Harris*, 87 *Ga.* 335 (13 S. E. 513).

5. The judgment in favor of the plaintiff was unauthorized, and a nonsuit should have been awarded.

DECIDED DECEMBER 19, 1911.

Trover; from city court of Savannah—Judge Davis Freeman. January 22, 1911.

Strozier & Waters sued the Southern Railway Company in trover in the city court of Savannah to recover bed lounges shipped by the Johnson Manufacturing Company at Fayetteville, N. C., to its own order at Savannah, Ga., with direction to notify Strozier & Waters. The facts are not in dispute, and, briefly stated, are as follows: Strozier & Waters gave an order for seven lounges, aggregating in price the sum of $47, to a salesman of the Johnson Manufacturing Company on February 17, 1910, the terms to be 60 days from March 1. On receipt of this order the Johnson Manufacturing Company wrote to Strozier & Waters, requesting a deposit of $10 on account, and this deposit was made. Finding that Strozier & Waters had no commercial rating, the Johnson Manufacturing Company made a shipment of the seven lounges at Fayetteville, N. C., to itself at Savannah, with order to notify Stro-

zier & Waters, attached a bill of lading to a sight draft on Strozier & Waters, and placed it in the bank for collection. Strozier & Waters were then duly notified of the method of shipment and were requested to pay the draft. They refused to pay the draft, and the railroad company refused to deliver possession of the goods to them, unless the bill of lading was surrendered, and upon this refusal Strozier & Waters instituted proceedings in trover, claiming title to the shipment. The case is before us on exceptions to the refusal of the court to grant a nonsuit, and also to the final judgment rendered in favor of the plaintiffs. The questions raised by the record are as follows: (1) Can an action in trover be sustained without showing either title, prior possession, or the right óf possession? (2) Where a vendor makes a shipment by means of a common carrier, to his own order, with directions to notify a third person at destination, and the bill of lading is attached to a sight draft for collection, drawn on such third person, does any title pass to the third person until payment is made of the draft, or rightful possession of the bill of lading obtained? (3) Where a shipment is made to the order of the consignor, with direction to notify a third person, and a sight draft is deposited for collection, is not the carrier justified in refusing to deliver, until presentation of the bill of lading; and can a recovery as for a conversion be had against the carrier for a refusal to deliver until presentation of the bill of lading, under these facts?

*E. H. Abrahams, Osborne & Lawrence,* for plaintiff in error.

*A. L. Alexander, Alexander R. Lawton 3d,* contra.

HILL, C. J.  (After stating the foregoing facts.)  It is well settled that to support a recovery in an action of trover the plaintiff must show either title in himself, prior possession, or right of possession. *Mitchell* v. *Georgia & Alabama Ry.,* 111 *Ga.* 760 (36 S. E. 971, 51 L. R. A. 622). In this case the plaintiffs rely upon title to the shipment in question. They contend that the payment of the deposit of $10 and the delivery of the goods to the carrier operated to fix this title in them; that the contract of sale was fully executed and was not in any sense executory; and that the railroad company held possession of the goods as their agent and not as the agent of the consignor.

Unquestionably it is a general rule that delivery to the carrier of goods purchased is delivery to the consignee; but this general

rule may be varied by a manifest exception thereto made by the vendor at the time of shipment. At the time of shipment in this case the Johnson Manufacturing Company expressly reserved title to the shipment, by taking a bill of lading to its order, and attached to the bill of lading a sight draft for collection.

Section 4134 of the Civil Code (1910) provides that in such case no title passes until the drawee pays the draft thus drawn upon him. "When a bill of lading is attached to a draft drawn on a third person, it will be treated as security for the draft, and neither title to the goods, nor right to the bill of lading, will pass to the drawee until, as required therein, he accepts, or accepts and secures, or pays the draft, as the case may be." When the Johnson Manufacturing Company consigned the shipment to itself, with order to "notify Strozier & Waters," this was equivalent to a positive statement that it did not intend to part either with the title to the shipment or the possession thereof until this draft was paid.

The case of *Erwin* v. *Harris*, 87 *Ga.* 335 (13 S. E. 513), seems to us controlling on this point. In that case a sale of oats was offered by a party in Texas to the vendee in Georgia. The vendee replied, offering to take five car-loads f. o. b. at a Texas point, and the offer was accepted. The vendor shipped the oats, sending a draft for collection, with the bill of lading attached, and the vendee claimed title. The court ruled as follows: "The general rule is that when one orders goods from a distant place to be shipped by a common carrier, and the order is accepted and the goods shipped, a delivery to the common carrier is a delivery to the purchaser, the common carrier being the agent of the purchaser to receive them; and, when this is done, the title, without more, passes from the vendor to the vendee." Now note the exception: "If, however, the vendor of the goods is not satisfied of the solvency of the purchaser, or is doubtful thereof, or wishes to retain the title in himself, he may vary this rule, when he makes the consignment and delivers the goods to the carrier, by taking a bill of lading from the carrier to his own order. When the vendor does this, it is evidence that he does not part with the title of the goods shipped, but retains the same until the draft which he sends with the bill of lading is accepted or paid; and, when the title is thus reserved in the vendor or consignor, the carrier is his agent and not the agent of the consignee, and the risk is the consignor's and not the

consignee's. Erwin, the consignor, having taken the bill of lading to his own order and attached it to the draft drawn on Harris, and sent them to the bank in Macon, Ga., delivery to the carrier in Texas was not a delivery to Harris. Under these facts, the title remained in Erwin, the consignor, and the delivery to Harris was contemplated to be at his residence in Macon; payment of the price to be made by him there on delivery." See, also, to the same effect, *F. C. & P. Railroad Co.* v. *Berry,* 116 *Ga.* 19 (42 S. E. 371), and the decision of this court in *Moss* v. *Sell,* 8 *Ga. App.* 588 (70 S. E. 18). In the case decided by this court, referring to the conduct of the consignor in the method of shipment, it is said that "the seller thereby expresses his intention not to part with the title to the goods shipped to the buyer until his draft attached to the bill of lading is accepted and paid." The facts in the case sub judice are almost identical with the facts in the case of *Erwin* v. *Harris,* supra; the only difference being the payment of the $10 deposit by Strozier & Waters as required by the Johnson Manufacturing Company. This payment of $10 was simply a payment on account, and to this extent it gave to the purchasers an interest in the shipment, but it did not fix the title to the shipment in them, in the face of the express declaration on the part of the consignors, as shown by their method of shipment, that the title to the shipment was reserved until the purchase-price was fully paid by the consignees. Here the vendors were not satisfied of the solvency of the vendees. They found that the vendees had no commercial rating, and therefore the vendors exercised their right to protect themselves by consigning the shipment to themselves in Savannah and attaching a draft to the bill of lading. In the case of *Mathewson* v. *Belmont Flouring Mills Co.,* 76 *Ga.* 359, it was distinctly held that, where goods were shipped with sight draft and bill of lading attached, the return of the draft accepted or paid was a condition precedent to fix the title, and until this was done no title passed.

We might rest the decision of the case here, since by the authorities cited applicable to the facts, which are not in dispute, the plaintiffs in the court below not only failed to show any title in themselves to the shipment, but expressly showed that the vendor, Johnson Manufacturing Company, had reserved title in itself until the draft was paid. The carrier had knowledge of the method of shipment. It had the absolute right to refuse to deliver the ship-

ment, made as it was, without a surrender of its bill of lading. If it had delivered the shipment to the consignees without the bill of lading, it would have been in law liable to the vendors for any consequent loss, for the carrier is bound to see that it delivers a shipment only to the proper person designated by the consignor. Where a bill of lading covering a shipment has been issued, the carrier may demand its production as a condition precedent to making delivery. *Atlantic & Birmingham Ry. Co.* v. *Spires,* 1 *Ga. App.* 22 (57 S. E. 973) ; *Sellers* v. *Savannah, Florida & Western Ry. Co.,* 123 *Ga.* 386 (51 S. E. 398). It follows from the foregoing that a refusal by the railroad company to deliver the shipment to the consignees, under the facts as stated, did not amount to a conversion by the carrier, but that the carrier, in refusing to deliver without a surrender of its negotiable bill of lading, was standing squarely upon its rights.

We conclude, therefore, that the trial court erred in not awarding a nonsuit, and that the judgment against the defendant was unauthorized.                              *Judgment reversed.*