### 4988.  BENJAMIN-OZBURN COMPANY *v.* MORROW TRANSFER AND STORAGE COMPANY.

The allegations of the petition set out a cause of action arising ex contractu, relating to a right of property. This right, being a chose in action, was legally assignable, and a suit by the assignee was maintainable.

DECIDED OCTOBER 28, 1913.

Action for damages; from city court of Atlanta—Judge Reid. May 10, 1913.

*Moore & Pomeroy,* for plaintiff.  *Daniel MacDougald,* for defendant.

HILL, C. J. This case is here on exceptions to a judgment sustaining a general demurrer and dismissing the petition. The petition alleged, substantially, that the defendant was engaged in the business of common carrier and warehouseman; that the Southern Soda-Water Company was the owner of described personal property, of the value of $400, and employed the defendant

to transfer this property and store the same in its warehouse; that the Southern Soda-Water Company was adjudicated a bankrupt, and the plaintiff bought the property from the trustee in bankruptcy, under an order of the bankruptcy court, and the trustee, in pursuance of an order of court, "transferred to petitioner all of the right, title, and interest which the Southern Soda-Water Company had in and to any claim for damages against the defendant herein, growing out of injury to any and all of the property herein described;" that while this property was in the possession of the defendant under its agreement to safely transport, store, and protect the same, it was broken and damaged by the defendant, and because of such damage it was utterly worthless. Damages were asked in the sum of five hundred dollars, it being alleged that the property was damaged by reason of the negligence of the defendant in the handling of the same, and that the defendant was not in the exercise of ordinary care and diligence.

The trial judge treated the action as one sounding in tort, and the right of action as non-assignable; and the sole question for the determination of this court is whether the action was one ex delicto or one ex contractu. Section 3655 of the Civil Code provides that "A right of action is not assignable if it does not involve, directly or indirectly, a right of property; hence a right of action for personal torts or for injuries arising from fraud to the assignor can not be assigned." But section 3653 of the code provides that "all choses in action arising under contract may be assigned so as to vest the title in the assignee." Construing these two sections together, it is clear that any chose in action which arises from contract, or involves, "directly or indirectly, a right of property" may be assigned. These two sections of the code distinguish damages to property and damages to person, and under them a right of action for damage to the person can not be assigned, and a right of action for damage to property can be assigned. The petition in the present case does not claim any damages arising from a personal tort, or "from injuries arising from fraud to the assignor." The damages sought to be recovered arose from a breach of the contract of carriage or storage which the soda-water company had made with the defendant company. The damages involved a right of property,— a right to recover for any damage to the property while in the possession of the defendant, arising from its failure to exercise, as a

bailee for hire or as a warehouseman, ordinary care in transporting and taking care of the property. If the soda-water company had not been adjudicated a bankrupt, it would clearly have been entitled to recover from the defendant company damages for a breach of the contract. It is admitted that the trustee in bankruptcy had the right to transfer, under order of the bankruptcy court, this chose in action of the bankrupt. In our opinion it is clear that this chose in action arises upon the contract made by the soda-water company with the defendant company; and section 3653 of the code, supra, expressly declares that such a chose in action may be assigned "so as to vest the title in the assignee." In other words, the construction which we place upon the petition is that it is a suit for damages resulting from a breach of contract, and not from a tort or a failure on the part of the defendant to perform some statutory duty—although we do not intend to hold that injury which arises out of the non-performance of some duty fixed by statute would not be assignable, unless it involved some personal tort or fraud on the assignor.

Besides the view above expressed, we think the suit is maintainable under the ruling in *Askew* v. *Southern Railway Co.*, 1 *Ga. App.* 79 (58 S. E. 242). In that case it was held, that "the transferee of a bill of lading may maintain an action ex contractu against the carrier for failure to deliver to him all or any portion of the goods specified in the bill of lading; and this is true whether the loss of the goods or the shortage occurred before or after he acquired title to the bill of lading." Askew & Company, the plaintiffs in that case, ordered from Horne & Goans, of Chattanooga, Tenn., a car-load of corn. Horne & Goans shipped the corn via the Southern Railway from Chattanooga, consigned to themselves at Newnan, Ga., "order notify Askew & Co.," and sent through bank a draft on Askew & Company with bill of lading attached. After the arrival of the corn at Newnan, Askew & Company paid the draft and received the duly endorsed bill of lading, and the car of corn was delivered to them, but it was found that 22,306 pounds of corn had been lost in transit. Askew & Company sued for the value of the lost corn, and the trial court dismissed the petition, on the ground that it set forth no cause of action, it being contended that, the corn having become lost before the plaintiff became owner thereof by securing the bill of lading, the right of action was in

the consignor and not in the consignee. Judge Powell, speaking for this court, said: "Viewed solely as a tort, this might be correct; however, the failure to deliver the corn in accordance with the contract of carriage may be treated simply as a breach of the contract of carriage. Under the Civil Code [1895], § 3072 [Code of 1910, § 3648], 'personalty to which the owner has a right of possession in the future, or a right of immediate possession, wrongfully withheld, is termed by the law a chose in action.' Under the Civil Code [1895], § 3077 [Code of 1910, § 3653], 'all choses in action arising upon contract may be assigned so as to vest the title in the assignee.' . . Under the sections of the code cited above, we think that upon the transfer to the plaintiffs of the bill of lading calling for the full quantity of corn, there was assigned to them the right of action for the defendant's loss or conversion of a part of it." Applying the principle of that decision to the facts alleged in the petition in the present case, when the trustee in bankruptcy transferred by assignment to the plaintiff the personal property which was in the possession of the defendant warehouseman or bailee for hire, there was also assigned to the plaintiff the right of action for any damage which had been done to the property by the defendant while it was in its possession, whether this damage occurred before or after the assignment by the trustee. See, also, in this connection, *Paxson* v. *Warfield*, 6 *Ga. App.* 315 (65 S. E. 34).

If we entertained any doubt as to the character of the petition— whether it was one arising ex delicto or ex contractu—it would be our duty to accept that construction which would sustain the suit. *Wright* v. *Sou. Ry. Co.*, 7 *Ga. App.* 545 (67 S. E. 272); *Southern Express Co.* v. *Pope*, 5 *Ga. App.* 690 (2), 696 (63 S. E. 809). We are clear that the allegations of the petition plainly show that the action was one for the recovery of damages arising as the result of the breach of a contract, that it related to damage to property rights, and involved no element of a personal tort, and that the learned judge erred in sustaining the demurrer and dismissing the petition.                              *Judgment reversed.*