No. 77.—WILLIAM SPENCER, plaintiff in error, vs. ARM-STED HEWETT, defendant.

[1.] The defendant took the plaintiff's wagon, without the plaintiff's consent, and exchanged it for another wagon which he brought to plaintiff in place of his. This the plaintiff would not receive, but sued the defendant in the form of " an action on account," authorized by the Act of 1847, " to simplify and curtail pleadings at law:" Held, that an action in that form would not lie.

Complaint. Macon County. Tried before Judge WOR-RILL, March Term, 1856.

William Spencer brought an action of complaint against Armsted Hewett, to recover the sum of $100 as the value of a certain "two-horse wagon" mentioned in an account attached to plaintiff's declaration.

On the trial, plaintiff proved by PETER SIMMONS that he, witness, sometime in the year 1855, left in a wagon yard in Columbus a wagon belonging to plaintiff—the same plaintiff had a few days before purchased of James R. Nelson;

that defendant admitted to him (witness) that he had gone without authority of plaintiff and taken said wagon from said yard.

James R. Nelson proved that he sold to plaintiff the wagon testified about by Simmons, for $100, and that it was worth that sum; that defendant admitted to him he had taken said wagon out of said wagon yard, where it had been left by Simmons, without any authority from plaintiff, and that he had converted it to his own use by exchanging for the one he had then brought and left in Oglethorpe. Witness testified that the wagon left in Oglethorpe by defendant, was not the wagon sold to plaintiff; neither was it as good, as it was not worth $100; that plaintiff never received or had any thing to do with the wagon that defendant had swapped or traded for.

Plaintiff having here closed, Counsel for defendant moved to dismiss said action, on the ground that trover and not complaint, was the proper remedy.

Which motion the Court sustained, and Counsel for plaintiff excepted.

MILLER & HALL; COOK & MONTFORT, for plaintiff in error.

E. W. ALLEN, for defendant.

*By the Court.*—BENNING, J. delivering the opinion.

The action in this case was in the form of "an action on an account," authorized by the Act of 1847, "to simplify and curtail pleadings at law." And the question is, was that the proper form for the action? The Court held that it was not, but that trover was.

Considering this as an action in contract, we can find no English case that is a precedent for it. The case of *Hill vs. Parrot,* (3 *Taunt.* 273,) comes nearest to being such precedent. But in that case the facts were such, that unless an

action *ex contractu* would lie, none would lie. And even that case is doubted. (*Saund. Pl. & Ev.* 111.)

In this case, trover will lie. Trover is the appropriate form. The Act giving the form employed in this case, also gives a form in trover. And hence, there is room for an inference, that the Legislature intended that some regard should be paid to forms—intended that cases should be put in the forms which they fitted.

Unless trover be required in such a case as this, there can be none in which it ought to be required. We are not prepared to say that there are not some cases in which the law requires trover.

And so, we affirm the judgment of the Court below.