ELDRIDGE G. BARLOW, administrator, plaintiff in error, vs. EDMUND STALWORTH, defendant in error.

An action of assumpsit for money had and received, will not lie, unless the property of the plaintiff has been converted into money, or that which is its equivalent; and the consumption of the property by the defendant is not sufficient to authorize this remedy.

Assumpsit, from Henry county.   Nonsuit by Judge CABANISS, at October Term, 1858.

This was an action of assumpsit, brought by Eldridge G. Barlow, administrator of Thomas Stalworth, deceased, against Edmund Stalworth, for the recovery of three hundred and ninety-eight dollars and fifty cents, alleged to be due and owing by defendant to the plaintiff as administrator aforesaid.

The first count in the declaration alleged, that on the 18th Nov., 1855, the said Thomas Stalworth, the intestate, then in life, "delivered to the said Edmund Stalworth to be taken care of, and kept for the said Thomas during his sickness, and then to be delivered to him again, the following property, to-wit: fifty barrels of corn, then and there worth two hundred and fifty dollars; eighteen hundred pounds of good fodder, of the value of eighteen dollars; thirteen bushels of wheat, of the value of nineteen dollars and fifty cents; six hundred pounds of pork, of the value of forty-eight dol-

lars; one wheat thrasher, of the value of twenty dollars. And further, that two negroes went into the possession of defendant at his special instance and request, and labored for him one month, each, and that the labor or hire of said negroes was worth fifteen dollars. And that in June, 1856, after the death of said Thomas, defendant cut and took into his possession twenty bushels of wheat, the property of intestate, and of the value of thirty dollars, all of which said several sums amount in the aggregate to the sum first aforesaid."

The declaration contained other counts, some special, and others, the common counts for money had and received, &c.

The proof on the part of the plaintiff was, that Thomas Stalworth, the deceased, was the son of Edmund Stalworth; that he sold out his land and removed with his wife, (he had no children,) to his father's; that he had consumption of which he died in three or four months after his removal to his father's. The articles described in the declaration, or some part thereof, were taken by deceased to his father's, for his own use and support; that after his death, the balance remaining of these articles, were demanded of defendant, by the wife of deceased, and he refused to deliver them up to her.

Administration was granted to plaintiff who instituted this action of assumpsit.

After plaintiff closed, defendant moved for a nonsuit. The Court sustained the motion and ordered a nonsuit, upon the grounds:

1st. That no promise, express or implied, had been proved by defendant, to pay for the articles mentioned in the declaration, and the same being carried to his house voluntarily by his son, did not raise an implied promise to pay for them.

2d. That an action of assumpsit could not be maintained, unless there was proof that defendant sold the property and

Barlow, adm'r, vs. Stalworth.

converted it into money; that trover and not assumpsit was the proper remedy.

To which order and judgment counsel for plaintiff excepted.

L. T. DOYAL, for plaintiff in error.

CLARK & LAMAR, *contra.*

*By the Court.*—LUMPKIN J. delivering the opinion.

Was the plaintiff entitled to maintain this action in its present form?

The authorities clearly establish, that unless the property of the plaintiff has been converted into money, or that which is equivalent to money, that assumpsit for money had and received, will not lie. And that even the consumption of the property by the defendant, does not authorize the action.

Under the Judiciary Act of 1799, it is questionable whether an action in the common Courts, could be sustained, because the case is not plainly, fully and distinctly stated They are more general than Jones's Forms; for they require a copy of the instrument, which is the foundation of the suit, or of the account to be appended to the complaint.

We agree, consequently, with the Circuit Judge, that trover was the proper remedy in this case, if indeed any cause of action existed.

Judgment affirmed.