## JAMES vs. SMITH & BROTHER.

1. The *certiorari* made an error of law which must finally govern this case, and no question of fact was involved which made it necessary to send the case back to the justice court for a new hearing in that court; therefore the superior court should have made a final judgment thereon.

2. Under the constitution of 1877, the justice courts have jurisdiction in actions of trover and all other actions for torts to personal property where the damage is less than one hundred dollars.

3. Where the personal property is converted into money by sale, the tort may be waived, and suit be brought for money had and received by defendant for plaintiff's use.

| | |
|---|---|
| 62 | 345 |
| 98 | 626 |
| 62 | 345 |
| 100 | 477 |
| 62 | 345 |
| 105 | 91 |
| 62 | 345 |
| d109 | 237 |
| 109 | 238 |
| 62 | 345 |
| 113 | 181 |

*Certiorari.* Practice in the Superior Court. Justice Courts. Jurisdiction. Constitutional law. Waiver. Tort. Actions. Before Judge McCutchen. Forsyth Superior Court. August Term, 1878.

Reported in the opinion.

H. L. PATTERSON, for plaintiff in error, cited as follows : On jurisdiction, 39 *Ga.*, 107 ; Code, §3401. Waiver of tort' 1 Hilliard on Contracts, 75 ; 2 Gr. on Ev., §120 ; 7 *Ga.*, 191 ; 38 *Ib.*, 207, 220 ; 57 *Ib.*, 218. On the pleadings, Code, §§4067, 4139, 3332 ; 21 *Ga.*, 546, 548; Code, §§218, 4284.

MARLER & PERRY, for defendants.

JACKSON, Justice.

Smith & Brother sued John W. James on an account in the justice court for fifty-two and a half dollars, the value of a bale of cotton which James had converted and sold. The justice court gave judgment for plaintiffs on proof that the cotton had been seized and sold by the defendant, that it was the plaintiffs' cotton, and was worth the sum sued for. The defendant moved to dismiss the suit on the ground that the facts made it an action of trover, and that the justice court had no jurisdiction of cases of trover. The justice of the peace refused to dismiss; the case was taken by writ of *certiorari* to the superior court, and that court sus-

tained the *certiorari*, ruling that the justice court had no jurisdiction of trover, but refused to pass final judgment upon the case, sending it back to the justice court with the direction that it had no jurisdiction of trover, but to see if the case could be amended in such manner as to proceed for money had and received.

To the refusal of the court to pass final judgment dismissing the action in the justice court for want of jurisdiction, the defendant, James, excepted, on the ground that the court erred in sending the case back, and in not making a final disposition thereof. So that the questions made are, ought the superior court to have finally disposed of the case, and how ought it to have been disposed of?

1. We cannot see the need of any amendment of pleadings in the justice court. The suit was for the value of "one bale of cotton, 500 lbs., at 10½ cents per lb., had and received to plaintiff's use, $52.50." So that it was an action for money had and received by defendant for plaintiffs' use—the facts were all in, and there was nothing to show that they would be varied. The law of the case upon them was quite plain, it seems to us, and needed no further trial in the justice court. Therefore, we think that the court erred in not making a final disposition of the case. Code, §4067; *Dorsey vs. Black,* 55 *Ga.,* 315.

2. But how should it have been disposed of? Suppose the case had been trover, did not the justice court have jurisdiction thereof, the amount or value of the cotton being under $100.00? The new constitution on the subject is in these words: "Justices of the peace shall have jurisdiction in all civil cases arising *ex contractu,* and in cases of injuries or damages to personal property when the principal sum does not exceed one hundred dollars." Const. 1877, art. 6, sec. 7. The action of trover is an action for damages to personal property. See *Guilford & Co. vs. McKinley,* 61 *Ga.,* 230. There cannot well be any greater damage to one's personal property—a bale of cotton, for instance, as in this case—than to take it off from the owner's possession, sell it and use the money. So far as the owner is con-

cerned, the defendant could not injure or damage it more if he had burnt it. The verdict in trover is for so much money, as damages, to be discharged by the delivery of the property within a time limited in the verdict.

The constitution of 1868 gave the justice court jurisdiction in all civil cases—land as well as personalty—when the sum claimed was under one hundred dollars. The constitution of 1877 only alters its effect so far as to limit the jurisdiction *ex delicto* to personal property. For injuries to that, the justices have jurisdiction as before. They had it before. *Gillespie vs. Chastain*, 57 *Ga.*, 218.

3. Moreover, if the court did have jurisdiction in trover, the rule is plain in the books everywhere that the plaintiff may waive the tort and sue for money had and received to his use where the property has been turned into money, as is the case at bar. See Hilliard on Contracts, vol. 1, 75; Greenleaf's Ev., vol. 2, 101–120; 7 *Ga.*, 197; 38 *Ga.*, 207–220; 20 *Ga.*, 426.

Therefore, the justices of the peace were right in both phases of the case to maintain their jurisdiction, and the error of the superior court was in not finally disposing of the case by dismissing the *certiorari* and affirming the judgment of the justice court. The judgment must therefore be reversed, with directions that the superior court dismiss the *certiorari* and affirm the judgment of the justices of the peace. The powers of this court are ample so to dispose of the case. Code, §§218, 4284.

Judgment reversed with directions.