### CRAGG *v.* ARENDALE.

COBB, J. 1. An admission made by counsel for the purpose of preventing the continuance of a certiorari case, that the answer to the certiorari should be amended in the manner indicated by exceptions and a traverse which had been filed to such answer, will, after the case has been heard as a result of such admission, and a decision adverse to the contention of the counsel making the admission has been rendered, preclude him from thereafter assigning, in the Supreme Court, error upon the refusal to sustain a motion to dismiss such exceptions and traverse because not duly filed; and this is true notwithstanding the ruling on such motion had been duly made the subject of exceptions pendente lite.

2. The objection to a petition for certiorari, that the same was not verified in the manner prescribed by law, can not be raised in the Supreme Court, when the bill of exceptions does not contain any assignment of error raising such a question, and when the record does not disclose any ruling made by the superior court thereon. This is true notwithstanding the petition may appear in the record not to have been verified according to law. The presumption in such a case is that the verification had been waived before the case was heard.

3. Where one wrongfully takes the personal property of another and converts it into money, the latter has a right of action ex delicto for the wrong done him; though he is not restricted to that form of action, but may as a general rule waive the tort and sue in assumpsit as for money had and received to his use. Civil Code, § 3811 ; *James* v. *Smith*, 62 *Ga.* 345 (3) ; *Buchanan* v. *Mc-Clain*, 110 *Ga.* 477.

4. Where one wrongfully takes the personal property of another and converts the same to his own use in some other manner than by a sale, and does not receive any money therefor, the owner has a right of action ex delicto against such wrong-doer, and is restricted to this form of action. In such a case the tort can not be waived and an action ex contractu be brought, for the reason that, until the wrong-doer has received money to which the owner of the property is entitled, there can be no action for money had and received or upon an implied promise to pay money. *Spencer* v. *Hewitt*, 20 *Ga.* 426 ; *Barlow* v. *Stalworth*, 27 *Ga.* 517. See also *Reynolds* v. *Padgett*, 94 *Ga.* 347 ; 40 Am. Law Reg. N. S. 50 et seq.

5. Appling the principle above stated to the facts of the present case, the court did not err in sustaining the certiorari.

*Judgment affirmed. All the Justices concurring.*

Submitted March 2,—Decided March 28, 1901.

Certiorari.    Before Judge Estes.    Rabun superior court. March 12, 1900.

*Erwin & McMillan*, for plaintiff.    *W. S. Paris*, for defendant.