## SOUTHERN RAILWAY CO. *v.* BORN STEEL RANGE CO.

1. The tort may be waived and the aggrieved party may sue in assumpsit where there has been a sale of the property converted, the action being one for money had and received to the plaintiff's use.
2. But where the pleadings do not show that the property has been converted into money, and the suit is to recover the value of the property, the action is ex delicto and not ex contractu.
3. A justice's court has no jurisdiction to entertain an action to recover property, or its value, which has been wrongfully converted.
4. The court where the case originated being without jurisdiction to try it, no appeal could properly be taken from the judgment rendered in that court, and all proceedings thereunder were void.

Argued March 10,—Decided March 27, 1905.

Action for damages.　　Before Judge Cann.　　Chatham superior court.　　January 4, 1905.

*Osborne & Lawrence*, for plaintiff in error.
*O'Connor, O'Byrne & Hartridge*, contra.

EVANS, J.　　This suit originated in the justice's court for the third district of Chatham county.　The copy of the plaintiff's demand attached to the summons was amended, and as amended set forth the following cause of action:　On October 25, 1901, the plaintiff shipped by the Wheeling & Lake Erie Railroad Company, from Cleveland, Ohio, a range, boiler, and certain attachments, to be transported by that company and its connecting carriers to Savannah, Ga.　The consignment was received by the Southern Railway Company, one of the connecting carriers, and carried to its destination, arriving at Savannah on November 11, 1901.　That company, although it claimed to be unable to locate the consignee, one F. W. Foster, failed and neglected to notify the plaintiff of this fact.　Upon ascertaining through other sources that the consignment had not been delivered to the consignee, and that the Southern Railway Company was still in possession thereof, the plaintiff "requested the Southern Railway Company to return the shipment to the plaintiff, and it failed and refused to comply" with this demand, and "in consequence of said facts the said range" and other articles shipped "have been wholly lost to the plaintiff, to its damage in the sum of $74.00 and interest."　The case was tried in the justice's court and resulted in a verdict for the plaintiff.　An appeal was taken to the superior court and there tried by the judge without a jury upon an agreed statement of facts.　He rendered judgment in favor of the plaintiff, and error upon this judgment is assigned in the bill of exceptions.

In the view we take of the case, it is unnecessary to determine whether or not the agreed statement of facts authorized a recovery by the plaintiff, for the reason that the court where the case originated was without jurisdiction to entertain the same.　The gravamen of the plaintiff's complaint is that there had been a conversion of the property.　It is alleged that the carrier not only failed to deliver the goods to the consignee, but also refused to reship them to the plaintiff on its demand.　It is a well-settled rule that

a tort may be waived and that the aggrieved party may sue in assumpsit where there has been a sale of the property converted, the action being one for money had and received to the plaintiff's use. *Cragg* v. *Arendale,* 113 *Ga.* 181. But where the property has not been converted into money, and a suit is instituted to recover the property or its value, the action is ex delicto and not ex contractu, and the aggrieved party is restricted to this form of action. Ibid. 182.    The jurisdiction of a justice's court is limited to actions arising ex contractu and to " cases of injuries or damages to personal property," and therefore it has no jurisdiction to entertain an action to recover property which has been wrongfully converted. *Blocker* v. *Boswell,* 109 *Ga.* 230. The plaintiff's demand, attached to the summons, showing that the court in which the suit was brought was without jurisdiction to try it, no appeal could properly be taken from the judgment rendered in that court, and all proceedings thereunder were void.    The only proper disposition which the superior court could have made of the appeal was to dismiss the plaintiff's action. *McHenry* v. *Mays,* 110 *Ga.* 299.    The court having failed to do so, its judgment must be reversed. *Smith* v. *Ferrario,* 105 *Ga.* 53–4.

*Judgment reversed.   All the Justices concur.*