BATES *v.* BIGBY.

1. A delivery of personalty for some particular purpose, upon a contract, express or implied, that after the purpose has been accomplished the property shall be returned to the person who delivered it, constitutes a bailment. A justice's court has jurisdiction of an action on the breach of such contract, when the amount sued for does not exceed one hundred dollars.
2. A notary public and ex-officio justice of the peace, although his resignation is tendered to and accepted by the Governor, continues in office, under the statute of this State, until his successor is appointed and qualified.
3. The certiorari was properly sustained; and there was no error in the direction, given by the judge of the superior court, that an irregularity in the entry of the case on the justice's docket be corrected in accordance with the facts.

Argued June 26, — Decided August 3, 1905.

Certiorari. Before Judge Lumpkin. Fulton superior court. December 13, 1904.

*C. B. Reynolds*, for plaintiff in error. *H. W. Dent*, contra.

FISH, P. J. J. G. Bates filed an affidavit of illegality to an execution issued by Ormond, N. P. and ex-officio J. P. of the 1234th district, G. M., Fulton county, in favor of Mrs. E. K. Bigby against "Southern Dye and Cleaning Works, J. G. Bates, pro., George B. Beck, security," claiming that the execution issued against him. and was proceeding illegally. Plaintiff moved to strike the illegality, upon various grounds, which motion was overruled by the magistrate and the illegality sustained. Upon certiorari, this ruling was reversed, and the case remanded with direction. Bates sued out a writ of error, which brings in review the judgment rendered in the superior court. One ground of the illegality was that "The account sued upon in the case in which said fi. fa. was issued was in substance as follows: Southern Dye and Cleaning Works (J. George Bates, Pro.), to Mrs. E. K. Bigby, to value of one pair double blankets, turned over to the Southern

Dye and Cleaning Works to be cleaned, July, 1902, and which have not been returned, $20.00, below which follows an affidavit by the plaintiff in addition that demand has been made. Affiant claims that the same sets forth no cause of action of which a justice's court has jurisdiction, the action sounding in tort and not being for an injury or damage to said personal property. This being true, affiant claims that the suit being void, the fi. fa. issued thereon is likewise void."

If the court did not have jurisdiction of the subject-matter of the suit, the judgment was void, and illegality would lie to the execution issued thereon. *Planters Bank* v. *Berry*, 91 *Ga.* 264. The constitution of this State provides that "Justices of the peace shall have jurisdiction in all civil cases arising ex contractu, and in cases of injuries or damages to personal property, when the principal sum does not exceed one hundred dollars." Civil Code, § 5856. Clearly the action was not for injuries or damages to personal property. Did the cause of action arise ex contractu? From the affidavit of illegality it appears that the suit purported to be on account for twenty dollars, the value of one pair of double blankets turned over to the defendant to be cleaned, and which were not returned although demand for the same had been made. Technical rules of pleading are not required in justice's courts, and a fair construction of the whole statement in reference to the account, especially after judgment, is, that the plaintiff delivered to the defendant a pair of double blankets to be cleaned by him, which, after being cleaned, were to be redelivered by defendant to plaintiff; that defendant had failed, after demand, to redeliver them; and that they were of the value of twenty dollars, for which amount plaintiff sued. A delivery of personalty for some particular purpose, upon a contract, express or implied, that after the purpose has been fulfilled the property shall be redelivered to the person who delivered it, constitutes a bailment. 5 Cyc. 161. Therefore, after the blankets had been cleaned, it was the duty of the defendant, in accordance with his contract, implied at least, to return them to the plaintiff, and for his failure or refusal so to do, without legal excuse, a right of action accrued to the plaintiff. When a tort has been committed with respect to the subject-matter of the bailment, the bailor may either sue for the tort or waive the tort and sue in assumpsit for a breach of

the contract of bailment.    5 Cyc. 214.    In *Rockwell* v. *Proctor*, 39 *Ga.* 105, the suit was against an innkeeper for the value of a lost overcoat deposited with him by a guest.    It was held that the justice's court had jurisdiction of the subject-matter of the action, as it was for the breach of the implied contract of the inn-keeper "to secure his guest's goods in his inn."    When the transaction partakes both of the nature of a tort and a contract, the party injured may waive the one and rely solely on the other. Civil Code, § 3811.    All the authorities agree that where personal property is tortiously taken and converted into money, the owner may waive the tort and sue the wrong-doer in assumpsit.    They differ, however, as to the right of the owner to sue in assumpsit where the wrong-doer has not sold or otherwise disposed of the property, but retains it for his own use.    This court has held that where one wrongfully takes the personalty of another and converts it to his own use in some manner other than by a sale and receipt of money therefor, the owner is restricted to his right of action ex delicto — he can not waive the tort and sue ex contractu.    *Cragg* v. *Arendale*, 113 *Ga.* 181, and cit.    Where, however, a contractual relation exists between the parties, such as that of bailor and bailee, so that the latter rightfully obtains possession of the property, a tort arising out of a breach of the bailee's duty imposed by his relation may be waived by the bailor and assumpsit maintained, the reason being that the relation of the parties, out of which the duty violated grew, had its inception in contract. 4 Cyc. 331, 332; Zell *v.* Dunkel, 160 Pa. St. 353; Zindall *v.* McCarthy, 44 S. C. 487.    As the cause of action declared on in the suit wherein the judgment was rendered upon which the execution issued was the breach of the defendant's duty to return the blankets to the plaintiff in accordance with his implied contract, such cause of action arose ex contractu, and the justice's court had jurisdiction thereof.

2. Another ground of illegality was, that the judgment upon which the execution issued was based upon a verdict rendered on an appeal to a jury in the justice's court from a judgment rendered, on August 25, 1903, by W. L. Venable, who had, on August, 22, 1903, "in writing and unconditionally," resigned the office of notary public and ex-officio justice of the peace of the militia district in the justice's court of which the case was

then pending, and the Governor on the same date "accepted said resignation unconditionally," and for this reason Venable,. at the time he rendered such original judgment, was neither de jure nor de facto a magistrate, and that therefore the appeal from his judgment, the verdict on the appeal, and the judgment "rendered by the present justice" on the verdict were all void. " Public officers are trustees and servants of the people" (Constitution, Civil Code, § 5698), and " All officers of this State must . . discharge the duties of their office until their successors are commissioned and qualified " (Political Code, § 226). This stattute is mandatory, and there are good reasons why it should be so, among them, that governmental functions should not cease,. and that the public records of the office should be preserved and handed over to a successor.    In Badger *v.* United States, 93 U. S. 599, the Supreme Court of the United States had under consideration a section of the constitution of the State of Illinois, which provided that public officers " shall hold their offices until their successors shall be qualified," and the court held that " A supervisor, town clerk, or justice of the peace, although his resignation is tendered to and accepted by the proper authority, continues in office, and is not relieved from his duties and responsibilities as a member of the board of auditors, under the township organization laws of the State of Illinois, until his successor is appointed, or chosen, and qualified." The principle ruled in that case has been followed in United States *v.* Justices, 10 Fed. 460, People *v.* Supervisors, 100 Ill. 332, Jones *v.* Jefferson, 66 Tex. 566, and Keen *v.* Featherstone (Tex.), 69 S. W. 983. So notwithstanding the resignation of Venable and its acceptance, it not appearing that a successor had been appointed and qualified, we hold that he was legally a notary public and ex-officio justice of the peace at the time he rendered the judgment in question.

3. Other grounds of illegality were, that no judgment had ever been entered on the docket in the justice's court against the defendant in fi. fa. ; and if one had been entered, the execution did not follow it.    The basis of these grounds is, that the case was entered upon such docket as follows:    "Elizabeth K. Bigby *v.* Sou. Dye and Cleaning Co., Geo. B. Beck, Prop.;" that the original judgment appealed from, as well as the judgment entered on the verdict rendered on the appeal, was entered on the docket as be-

ing in favor of the plaintiff against the defendant for a given sum, without stating who the defendant was, and that the execution was issued against "Southern Dye and Cleaning Works, J. G. Bates, Pro., George B. Beck, security." As we have seen, the account sued on was against "Southern Dye and Cleaning Works, (J. George Bates, Pro.)," and it is fair to presume that the same phraseology was used in the summons to designate who was being sued. The entry of the case on the docket differently from the way it appeared in the summons was a mere irregularity; and even if Bates could now be heard to complain of it for any reason, after having appealed from the original judgment in the case and thereby secured another trial, and not having objected at any time pending the suit to such irregularity (see *Reynolds* v. *Neal*, 91 *Ga.* 609), he has no meritorious complaint of the direction given by the judge of the superior court in this respect, that is, that the entry on the docket be amended so as to conform to the facts.

We have dealt with all of the assignments of error referred to in the brief of counsel for the plaintiff in error, and our conclusion is that the certiorari was properly sustained.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent, and Lumpkin, J., disqualified.*