### DELOACH MILL MANUFACTURING COMPANY *v.* STANDARD SAWMILL COMPANY.

1. If a plea is bad in substance, it is error for the judge to submit to the jury the issue sought to be raised thereby; but if a plea is good in substance and subject only to an objection that it sets forth a defense

which is not appropriate in the particular case, in the absence of an objection to the plea or a motion to strike the same on this ground the issue thereby raised should be submitted to the jury.

2. Where a contractual relation exists between the parties, such as that of bailor and bailee, whereby the latter rightfully obtains possession of the property, a tort arising out of a breach of the bailee's duty may be waived by the bailor and an action of assumpsit maintained against the bailee on his implied promise to discharge the duty arising out of the bailment.

3. The evidence authorized the verdict, and there was no error in refusing to grant a new trial.

Submitted March 3,—Decided May 14, 1906.

Attachment.    Before Judge Mitchell.    Colquitt superior court. April 11, 1905.

The DeLoach Mill Manufacturing Company sued out an attachment against the Standard Sawmill Company for $174.62, the purchase-price of certain machinery. The defendant in its answer admitted the purchase of the machinery, but alleged, that it was inferior in quality, did not come up to the representations made by petitioner, and broke in operation, thus causing a delay of four or five days in the work of defendant's mill, which damaged defendant in the sum of $625, and compelled defendant to send a man to Macon to buy new gearings, at a cost of $100. Defendant prayed judgment against plaintiff for $725. Defendant by amendment further alleged, that at the request of plaintiff it left on storage with plaintiff in Atlanta certain machinery of the value of $550, which plaintiff refused to deliver to defendant; and defendant prayed for a judgment for the value of this machinery. After a trial the jury returned a verdict for the defendant, for $415. The plaintiff moved for a new trial, and to the judgment overruling this motion it excepted.

*T. W. Mattox, J. K. Hines,* and *J. K. Jordan,* for plaintiff. *Shipp & Kline,* for defendant.

Cobb, P. J. (After stating the foregoing facts.) 1. In *Brantley* v. *Dempsey,* 24 *Ga.* 341, it was held that "It is too late to object that a set-off can not be pleaded in a suit for unliquidated damages, after there has been a trial and verdict on such plea. It ought to have been made at the trial." This ruling was approved in *Kelly* v. *Strouse,* 116 *Ga.* 890. It was there said: "There is nothing said in *Crew* v. *Hutcheson* [115 *Ga.* 524] which conflicts with the ruling in *Brantley* v. *Dempsey.* . . In that case it was held

that it was too late after verdict to raise the objection that a plea of set-off was not allowable in the case. The plea itself, so far as the record discloses, was a perfect plea of set-off, good in form and substance, and the only objection was that such a plea was not allowable in that particular case. Under our system it is certainly too late to raise such a point after the trial on the plea." The plea of set-off in the present case showed upon its face that the cause of action therein set forth arose after the institution of the plaintiff's suit. There being no objection to the plea on this ground at the time the amendment embracing it was allowed, the court did not err in submitting the issue to the jury; and it is too late after verdict to raise the objection that the plea was not an appropriate defense in the case.

2. In *Bates* v. *Bigby,* 123 *Ga.* 727, it was held that "A delivery of personalty for some particular purpose, upon a contract express or implied, that after the purpose has been accomplished the property shall be returned to the person who delivered it, constitutes a bailment." In that case blankets were left with a laundryman to be cleaned, and were to be returned upon demand after the purpose of delivery had been accomplished. It was held that a suit could be maintained in a justice's court upon the breach of the contract of bailment, and that the plaintiff was not restricted to suing for the conversion. In the present case the goods of the defendant were stored with the plaintiff. It is true that the plaintiff was a mere naked depositary, but the relation between the parties was that of bailor and bailee, and there was an implied promise upon the part of the latter to return the goods to the former upon demand. *McNabb* v. *Lockhart,* 18 *Ga.* 495.

3. The evidence authorized the verdict, and there was no error in refusing to grant a new trial.

*Judgment affirmed. All the Justices concur.*