## WOODRUFF *et al. v.* ZABAN & SON *et al.*

Where a petition alleges that the plaintiffs own specified personalty, and the only conversion by the defendants alleged is that they "wrongfully and tortiously took possession of said personal property, and carried said personal property away, thereby converting same to their own use, with the intent to deprive the plaintiffs of said personal property," and such petition further alleges that the plaintiffs waive the tort and sue for the value of the personal property, *held:*

(*a*)  Such petition is subject to demurrer on the ground that the plaintiffs can not maintain an action in assumpsit for the value of the property, but their remedy is confined to an action ex delicto.

(*b*)  Where such action is brought for the value of the property, and the plaintiff in his petition expressly waives the tort, the action can not be maintained as an action ex delicto, and the petition should be dismissed upon an appropriate demurrer thereto.

Argued November 12, 1908.—Decided June 30, 1909.

Complaint.  Before Judge Pendleton.  Fulton superior court. April 27, 1908.

See, in addition to citations in the opinion, 7 *Ga.* 190; 53 *Ga.* 395; 69 *Ga.* 345; 89 *Ga.* 251, 799; 78 *Ga.* 461; 48 *Ga.* 481; 57 *Ga.* 484; 80 *Ga.* 150; 17 *Ga.* 103; 21 *Ga.* 548; 104 *Ga.* 599; 120 *Ga.* 1012.

*Payne & Jones,* for plaintiffs in error.
*J. D. Kilpatrick, F. M. Hughes,* and *Morris Macks,* contra.

HOLDEN, J.  The defendants in error brought suit against the plaintiffs in error for the value of certain personalty described in their petition, which alleged that plaintiffs were the owners of the property, and that defendants wrongfully and tortiously took possession of the property and converted it to their own use and

"carried said personal property away, thereby converting same to their own use, with the intent to deprive the plaintiffs of said personal property." Plaintiffs allege that the value of the property was $3,365.85 at the time of the conversion, and made the following allegations: "Wherefore, waiving the tort and suing for the value of said personalty, plaintiffs bring this suit and pray joint and several judgment for the value of said personal property, together with interest on said value from the 3rd day of February, 1906, the date of said conversion." To the petition the defendants filed a demurrer on several grounds, one of which was that while the plaintiffs might have a right of action ex delicto against the defendants, they are restricted to that form of action, and have no cause of action ex contractu for the value of the property alleged to have been converted as against the defendants. To an order of the court overruling the demurrer the defendants excepted.

Where one unlawfully takes the goods of another and sells the same and receives the purchase-money therefor, the latter may bring an action ex delicto, or he may waive the tort, affirm the sale, and bring against the wrong-doer an action for money had and received, and recover the same. *Southern Ry. Co.* v. *Born Steel Range Co.*, 122 *Ga.* 658 (50 S. E. 488); *Bates* v. *Bigby*, 123 *Ga.* 729 (51 S. E. 717); *Cragg* v. *Arendale*, 113 *Ga.* 181 (38 S. E. 399). All of the authorities seem to be in accord with the rule above announced. But, as stated in 4 Cyc. 332-334, "The authorities differ, however, as to the right of the owner to sue in assumpsit where the wrong-doer has not sold or otherwise disposed of the property, but retains it for his own use. One line of decisions denies the right to bring an action of assumpsit in such case—the other line upholds such right." See also 15 Cyc. 255; 15 A. & E. Enc. Law, 1116. In the case of *Spencer* v. *Hewett*, 20 *Ga.* 426, the headnote is as follows: "The defendant took the plaintiff's wagon, without the plaintiff's consent, and exchanged it for another wagon, which he brought to plaintiff in place of his. This the plaintiff would not receive, but sued the defendant in the form of 'an action on account,' authorized by the act of 1847, 'to simplify and curtail pleadings at law.' *Held,* that an action in that form would not lie." In that case suit was brought to recover "the sum of $100, as the value of a certain 'two-horse

wagon.'" On page 428, the court said: "In this case trover will lie. Trover is the appropriate form." In the case of *Barlow* v. *Stalworth, 27 Ga.* 517, it was ruled: "An action of assumpsit for money had and received will not lie, unless the property of the plaintiff has been converted into money, or that which is its equivalent; and the consumption of the property by the defendant is not sufficient to authorize this remedy." In the case of *Southern Ry. Co.* v. *Born Steel Range Co.,* supra, it was held: "But where the pleadings do not show that the property has been converted into money, and the suit is to recover the value of the property, the action is ex delicto and not an ex contractu." In this connection, see also *Cragg* v. *Arendale,* supra. There is no allegation in the plaintiffs' petition that the defendants sold the property, or otherwise disposed of the same. The only charge made as to the conduct of the defendants is that they carried the personal property away, thereby converting the same to their own use, with the intent to deprive the plaintiffs of the property. Under the decisions of our court above referred to, the plaintiffs could not bring an action in assumpsit for the value of the property, but are restricted to an action ex delicto.

We have been requested to overrule three of the cases above cited, namely *Spencer* v. *Hewett,* 20 *Ga.* 426, *Barlow* v. *Stalworth,* 27 *Ga.* 547, and *Cragg* v. *Arendale,* 113 *Ga.* 181; but upon a review of them, there not being a concurrence of a sufficient number of the Justices for that purpose, the request is denied. The decisions of our court holding that the owner of personal property has a right of action in assumpsit for the value of the property on an express or implied contract between the parties, though there was a conversion of the property by the wrong-doer, do not conflict with the rulings made in these decisions, which are herein followed.

The plaintiffs expressly waived the tort; and since their only right of action arises ex delicto, the action as brought was not maintainable, and the court erred in not sustaining the demurrer of the defendants. Whatever may be the plaintiffs' reasons for waiving the tort, their action can not be treated as an action ex delicto in the face of their express and absolute waiver of the tort, even though this kind of an action is the only one they have the right to maintain. The effect of their express and uncondi-

tional waiver of the tort is to prevent the action being treated as
an action ex delicto. The court could not treat it as an action
ex delicto with the plaintiffs' consent any more than it could
against their consent.

*Judgment reversed. All the Justices concur.*