## SOUTHERN RAILWAY COMPANY *v.* ROBERSON.

The petition in this case was a suit ex contractu for the value of the property of the plaintiff, taken and carried away by the defendant without the plaintiff's consent, without alleging that the defendant had converted the same into money, and, under the ruling in *Woodruff* v. *Zaban,* 133 *Ga.* 24 (65 S. E. 123, 134 Am. St. R. 186), the petition was subject to general demurrer.

APRIL 12, 1911.

Complaint. Before Judge Seabrook. Wayne superior court. May 23, 1910.

*Bennet, Twitty & Reese* and *Littlefield & Poppell,* for plaintiff in error. *James R. Thomas* and *Joseph A. Morris,* contra.

HOLDEN, J. W. M. Roberson brought suit against the Southern Railway Company, his petition, after alleging the defendant to be a corporation having a line of railroad and place of business in the county in which the suit was brought, making the following allegations: "That said defendant is indebted to your petitioner in the sum of four hundred and forty-eight dollars .($448.00), by reason of the following facts, to wit: That on or about the twenty-fourth (24th) day of September, 1907, in the county aforesaid and in the Town of Jesup, and at a point about one half (½) mile north of the depot in said town and on said railroad, said defendant took and carried away, without your petitioner's consent, one thousand one hundred and twenty (1,120) hewn cross-ties, both pine and cypress, of the value of forty cents (.40) each. That your petitioner purchased said cross-ties and paid therefor the sum of thirty-nine ($ .39) with the expectation of selling same to said railroad company at and for the market price thereof, to wit, forty cents ($ .40) each; but without any notice to your petitioner the work-train on said defendant's line of railway loaded said ties, by its agents, servants, and employees, and carried same away, and have since that time failed and refused to pay your petitioner the true value of said ties, which is as aforesaid the sum of four hundred and forty-eight dollars ($448.00). Wherefore petitioner prays that process do issue, directed to the said defendant, requiring it to be and appear at the next term of this court, then and there to answer your petitioner's complaint, and he will ever pray, etc." The railway company filed a general and a special demurrer, which the court overruled, and the company excepted.

Upon the trial of the case the court directed a verdict in favor of the plaintiff, and to the order of the court overruling the defendant's motion for a new trial it excepted. We do not think there was any merit in the special demurrer, but the general demurrer should have been sustained. The petition, properly construed, is a suit ex contractu. It is alleged that the defendant took and carried away the cross-ties belonging to the plaintiff, and refused to pay him the value thereof on demand. Allegations showing a tort are not inconsistent with a suit ex contractu. There is no allegation as to what disposition the company made of the ties, and no allegation that it refused to return them to the plaintiff, or that the latter ever made any demand on the company for their return. There is no allegation that the plaintiff has been damaged, and the suit is not in terms for any damages done by the defendant. The plaintiff alleges that the defendant "is indebted" to him. Properly construed, the allegations to show that the defendant is indebted to the plaintiff mean that the plaintiff bought the ties intending to sell them to the defendant at 40 cents each, but the defendant, without the plaintiff's consent, took possession of them and carried them away, and refused, upon demand, to pay the plaintiff 40 cents each for them, which was their value. The plaintiff does not allege that the company had used or in any way disposed of the ties, or that the company had refused to return them. The only demand alleged to have been made by the plaintiff was for the value of the ties. The allegations do not disclose any bailment. The suit was one ex contractu and not ex delicto. See *Spencer* v. *Hewett*, 20 *Ga.* 426. It was held in the case of *Southern Ry. Co.* v. *Born Steel Range Co.*, 122 *Ga.* 658 (50 S. E. 488), that the suit there involved was an action ex delicto; but the facts alleged were different from those alleged in the present case, especially in that in the *Born* case it was alleged that the railway company had failed to comply with a demand of the plaintiff for the return of the articles shipped by it, in consequence of which they "have been wholly lost to the plaintiff, to its damage," etc. The allegations of the petition show the commission of a tort by defendant. The suit in the present case being one ex contractu, and the plaintiff not alleging that the defendant had sold the ties, the general demurrer should have been sustained, under the ruling in the case of *Woodruff* v. *Zaban*, 133 *Ga.* 24 (65 S. E. 123, 134 Am. St. Rep. 186),

and the decisions therein cited which this court had under review and refused to overrule. The writer was one of the Justices who was then of the opinion that the request to overrule these decisions (*Spencer* v. *Hewett*, 20 *Ga.* 426, *Barlow* v. *Stalworth*, 27 *Ga.* 517, and *Cragg* v. *Arendale*, 113 *Ga.* 181, 38 S. E. 399), should be granted, and still adheres to the view that they are erroneous in so far as they lay down the doctrine that an action of assumpsit will not lie where there has been a conversion of articles of personalty unless the property tortiously taken has been converted into money by the wrong-doer. The court having erred in not sustaining the general demurrer, everything which occurred in the case thereafter was nugatory.

<em>Judgment reversed. All the Justices concur.</em>