FORD & CO., for use, etc., *v.* ATLANTIC COMPRESS CO.

Where a contractual relation exists between the parties, such as that of bailor and bailee, so that the latter rightfully obtains possession of the property, a tort arising out of a breach of the bailee's duty imposed by his relation, or by his express contract, may be waived by the bailor and assumpsit maintained.

(*a*) The action in this case was ex contractu, based upon an alleged refusal of the defendant compress company to deliver cotton upon demand and presentation of its receipts given therefor.

(*b*) Under the facts alleged, the plaintiff had the right to sue for the benefit of the usee named.

(*c*) The petition was not subject to the demurrer.

AUGUST 15, 1912.

Complaint. Before Judge Littlejohn. Sumter superior court. August 15, 1911.

*Claud Estes* and *R. L. Maynard,* for plaintiffs.

*King & Spalding and Underwood* and *E. A. Hawkins,* for defendant.

FISH, C. J. B. B. Ford & Company and the Standard Marine Insurance Company Limited of Liverpool, suing for the use of the last-named company, brought an action against the Atlantic Compress Company. The substance of the petition now material is as follows: Ford & Company, between September 17, 1907, and January 30, 1908, delivered to the defendant 234 bales of cotton, taking its warehouse receipts for the same, wherein the defendant obligated itself to deliver the cotton upon the return of the receipts properly indorsed, and the payment of such charges as may have accrued thereon under the current tariff of the defendant company. On February 3, 1908, the receipts were presented to the defendant by Ford & Company and the delivery of the cotton demanded. Defendant failed and refused to deliver. Continuing tender of the receipts, and demand for delivery, and refusal to deliver were alleged. Ford & Company held a policy of fire insurance on the cotton, issued to them by the Standard Marine Insurance Company Limited of Liverpool. On February 12 and 16, 1908, the insurance company paid to Ford & Company a stated amount of money as the value of the cotton, taking from the latter the receipts for the cotton issued by the defendant, "as well as a subrogation transfer of all the rights of said B. B. Ford & Company as owner of said cotton." The petition further alleged that the defendant, "by

reason of its failure and refusal to deliver said cotton on demand, or to pay the value thereof, has become liable to pay petitioners the value of the same, to wit:" a stated amount, with interest thereon from February 2, 1908, such amount being the same which it was alleged the insurance company had paid Ford & Company, as above stated.

The petition was demurred to on several grounds to the effect: (1) It appears from the petition that at the time it was filed neither of the plaintiffs had any right to demand the cotton of the defendant, nor to recover for its refusal to deliver on demand, and that no liability was shown on the part of defendant for the value of the cotton. (2) The action is founded upon an alleged breach of duty to deliver the cotton to Ford & Company, and the petition shows that when it was filed Ford & Company had no right, title, or interest in the cotton, having parted with the same to the insurance company, and no right is shown in the insurance company to demand the delivery of the cotton, and to sue for refusal to deliver or to pay its value. (3) The suit is not maintainable by Ford & Company for the use of the insurance company, because the petition shows that, at the time of bringing the suit, Ford & Company "had parted with said cotton for full value, and had transferred all of its right of every nature therein to the" insurance company. (4) No cause of action is set forth in behalf of the insurance company, as the suit is for tort in the failure to deliver the cotton, and neither demand by it nor failure to deliver to said company is alleged, and no right of action for the alleged tort to Ford & Company was assignable to the insurance company. (5) So much of the petition as sets forth that the insurance company took from Ford & Company "a subrogation transfer of all the rights of said B. B. Ford & Company as owner of said cotton" is demurrable, because the "subrogation transfer" and its terms are not set forth, and because no facts are alleged showing any rights of subrogation in the insurance company. (6) No cause of action is set forth in favor of either of the plaintiffs. The court sustained the demurrer and dismissed the petition. The plaintiffs excepted and brought the case here.

Counsel for defendant in error contend that the action is for a tort in the conversion of the cotton, and we assume that the trial judge entertained the same view of the case in sustaining the de-

32

murrer. If the action were in tort, the judgment should be affirmed. In our opinion, however, the action was ex contractu. When the cotton was delivered to the defendant by Ford & Company, it gave its receipts for the same, in which the defendant expressly obligated itself to deliver the cotton upon the return of the receipts, properly indorsed. Ford & Company subsequently presented the receipts to the defendant and demanded of it the cotton, which demand was refused. Clearly then accrued a right of action in favor of Ford & Company against the defendant for a distinct breach of its express contract. As was said in *Bates* v. *Bigby,* 123 *Ga.* 727, 729 (51 S. E. 717), "Where . . a contractual relation exists between the parties, such as that of bailor and bailee, so that the latter rightfully obtains possession of the property, a tort arising out of a breach of the bailee's duty imposed by his relation may be waived by the bailor and assumpsit maintained, the reason being that the relation of the parties, out of which the duty violated grew, had its inception in the contract." To same effect is *DeLoach etc. Co.* v. *Standard etc. Co.,* 125 *Ga.* 377 (54 S. E. 157). If this right of action for breach of contract continued in Ford & Company up to the institution of the suit, then they could sue in their name for the use of any person they might designate to take the proceeds of the action, provided, in so doing, they did not cut the defendant off from any defense which it would otherwise have. *Fidelity & Deposit Co.* v. *Nisbet,* 119 *Ga.* 316 (46 S. E. 444), and cases cited. The right of action was in Ford & Company when the suit was brought, unless they had been deprived of it by the allegations in the 7th paragraph of the petition, which are as follows: "Petitioners show that petitioner, Standard Marine Insurance Company Limited of Liverpool, a fire-insurance company, carried a policy of insurance against fire on said two hundred and thirty-four bales of cotton, issued to said B. B. Ford & Company, and that on Feb. 12, 1909 [1908?], and Feb. 16, 1908, said petitioner insurance company paid to said B. B. Ford & Company the aggregate sum of thirteen thousand, five hundred and ninety-one and 58/100 dollars, the value of said cotton, taking the receipts of said B. B. Ford & Company therefor, as well as a subrogation transfer of all the rights of said B. B. Ford & Company as owner of said cotton." There is no allegation in the petition that the cotton was burned and that the in-

surance company paid to Ford & Company the amount stated for the loss, although there appears on the copy of the receipt attached to the petition (which is alleged to be the same in form as all of the other receipts, except as to date, number, number of bales, and marks) a certificate appearing to have been made by the defendant that the cotton for which the receipt was given was destroyed by fire February 2, 1908. We do not agree with counsel for plaintiffs in error that such certificate, taken in connection with the allegations of the petition quoted above, shows that the cotton was burned, as the certificate is not referred to in the petition. We do not think, however, that the right of Ford & Company to bring the action for the use of the insurance company was terminated by the facts alleged, to the effect that, prior to the bringing of the suit, the insurance company had paid them "the value of said cotton, taking the receipts of said B. B. Ford & Company therefor." Although the insurance company had paid Ford & Company the value of the cotton, and had taken the receipts which the defendant had issued, it does not appear that the receipts had been indorsed by Ford & Company, and it was expressly stipulated in each receipt that the cotton referred to would "be delivered only upon the return of this receipt properly indorsed," etc. In the absence of an indorsement, the defendant was not bound to deliver the cotton to the insurance company, had it presented the receipts and demanded it of defendant; and this is true notwithstanding the "subrogation transfer" (whatever it may have been) to the insurance company of all the rights of Ford & Company as owner of the cotton. Under the circumstances, the action was properly brought by Ford & Company for the use of the insurance company, and the court erred in dismissing the petition on demurrer. *Judgment reversed. All the Justices concur.*