6044. CHEROKEE GRAPHITE & CHEMICAL COMPANY *v.* CENTRAL OF GEORGIA RAILWAY COMPANY.

The action was clearly a suit for conversion. The justice's court was without jurisdiction, and the judge of the superior court properly sustained the certiorari and made a final disposition of the case by ordering that the action be dismissed.

DECIDED SEPTEMBER 10, 1915.

Certiorari; from Chatham superior court—Judge Charlton. August 25, 1914.

*Oliver & Oliver, W. S. Connerat,* for plaintiff.

*Lawton & Cunningham,* for defendant.

RUSSELL, C. J. In 1908 the plaintiff, the Cherokee Graphite & Chemical Company, delivered to the defendant, the Central of Georgia Railway Company, at Atlanta, a car of graphite for shipment to T. S. Heyward & Company, Savannah. According to the plaintiff's allegations, the car was never delivered to Heyward &

Company, but, without the knowledge or consent of the plaintiff, was delivered to the Electric Fertilizer Company. Suit was brought in a justice's court, for the value of the shipment, and the justice of the peace entered a judgment for this amount against the defendant. Thereupon the Central of Georgia Railway Company carried the case, by certiorari, to the superior court of Chatham county. The judge of the superior court sustained the petition for certiorari, upon the ground that the justice's court was without jurisdiction to entertain the action. The present writ of error challenges the correctness of that ruling.·

It.is, of course, well settled that strict rules of technical pleadings do not apply in justices' courts, and that in case of doubt or ambiguity the doubt shall be resolved in favor of the jurisdiction of the court. Since a justice's court is without jurisdiction in actions ex delicto, except "in cases of injuries or damages to personal property when the principal sum does not exceed one hundred dollars" (Civil Code, § 6524), preference will be given, where it can properly be done, to that construction which will sustain the suit as an action ex contractu. In this view of the matter, the jurisdiction of a justice's court to consider actions of similar character to that involved here has sometimes been upheld where there had been a sale and an action could be had by waiving the tort and suing as in an action for money had and received. In the present case it is plain that the action is one ex delicto, for it is not distinctly alleged that the carrier breached its contractual duty to deliver the shipment, or that the goods were lost or destroyed in transit. On the contrary, it is plainly apparent from the facts stated in connection with the summons that the carrier was guilty of a tort, because it is expressly alleged that it delivered the shipment, without the knowledge or consent of the consignee, to an entirely different person, to wit, the Electric Fertilizer Company. The case falls clearly under the rulings of this court in *Atlantic Coast Line R. Co.* v. *Goodwin,* 1 *Ga. App.* 351 (57 S. E. 1070), and *Georgia &c. Ry. Co.* v. *Blish Milling Co.,* 15 *Ga. App.* 142 (82 S. E. 784). In *Jenkins* v. *Seaboard Air-Line Railway,* 3 *Ga. App.* 381 (59 S. E. 1120), the action was construed to be one ex contractu, and not ex delicto, and the justice's court held to have jurisdiction to consider a suit for the value of 29 crates of beans solely upon the ground that the case rested on deterioration, caused by delay

in the shipment, and it was explicitly pointed out that there was no evidence of conversion. In the opinion it was said: "So far from delivery being denied, it is rather to be inferred from the statement of the account." In *Southern Railway Co.* v. *Maddox, 7 Ga. App.* 650, an examination of the original record shows that the suit was for a case of "hog and hominy" which the carrier failed to deliver, but there is no evidence whatever that there was any conversion. It does not appear that, as in the present case, the carrier of its own motion delivered the lost case of goods to a person of its own selection other than the consignee, and from the evidence it is plainly inferable that the case of goods was either lost or destroyed in transportation. In *Fine* v. *Southern Ry. Co.,* 10 *Ga. App.* 161, 164 (73 S. E. 35), the plaintiffs set forth the contract in their petition, charged a breach of the contract, and distinctly declared their purpose to waive any tort and to sue on the contract. It appeared plainly in that case that the property was lost by the negligence of the company in performing its contract. In the present case the sole witness for the plaintiff testified, that the shipment was delivered to the Electric Fertilizer Company, that the plaintiff did not authorize the shipment to be delivered to any one beside the original consignee, never authorized the delivery to the Electric Fertilizer Company or any one else, was not notified by the defendant of any alleged refusal on the part of the correct consignee to accept the goods or of the defendant's intention to deliver the goods to any other person, and did not know of or consent to the goods being delivered to any one other than the original consignee. There being no allegation that the defendant had sold the car of graphite and converted it into money, an action as for money had and received would not lie. *Cragg* v. *Arendale,* 113 *Ga.* 181 (4), 182 (38 S. E. 399) ; *Woodruff* v. *Zaban,* 133 *Ga.* 26 (65 S. E. 123) ; *Southern Ry. Co.* v. *Robertson,* 136 *Ga.* 146 (71 S. E. 129). Except in actions founded upon contract, the civil jurisdiction of a justice's court is confined to actions for injury or damage to personal property. It was not alleged in the present case that the graphite was injured or damaged. The injury or damage, if any, was to the owner, and not the graphite. The justice's court has no jurisdiction. The certiorari was properly sustained, and the trial judge correctly made final disposition of the case by ordering that the action be dismissed. *Judgment affirmed.*