### CARSWELL *v.* SMITH.

FISH, C. J.  1.  This is an action brought by a cropper against his landlord, for a stated sum of money alleged to be the value of the plaintiff's share of the crops raised by him in a given year, after payment for all advances made to him by the defendant during that year to aid in making them, which specific sum of money the petition alleges the defendant, "without lawful warrant or authority, . . has taken . . and has applied . . to the uses and benefits of him the said [defendant], . . to the damage and hurt of" the plaintiff in the sum stated, "or other large sum." The prayer, other than for process, is that plaintiff

may have and recover of the defendant such specified amount of money "he has been damaged by said landlord by said conversion of his share of the crop planted, cultivated, and gathered by your petitioner for and during the [said] year 1913." *Held:* The action is ex contractu, and the defendant could plead set-off of claims arising ex contractu. The petition properly construed is that the plaintiff sues for a stated sum, the value of his part of the crops which the defendant, without plaintiff's consent, took and converted by selling, and that the plaintiff's interest in the proceeds of the sale was the amount sued for. See *Woodruff* v. *Zaban*, 133 *Ga.* 24 (65 S. E. 123, 134 Am. St. R. 186, 17 Ann. Cas. 974); *Southern Ry. Co.* v. *Roberson*, 136 *Ga.* 146 (71 S. E. 129); and citations in the two cases. That such construction is correct is shown by the allegation that defendant, "without any lawful warrant or authority on his part, has taken the said $1525.00, which was and is the portion of your petitioner, out of said crop, less his run bill of $350.00, and has applied said sums [not any of plaintiff's share of the crops] to the uses and benefits of him, the said landlord, . . to the damage and hurt of your petitioner in the sum of $1175.00, or other large sum." Accordingly, the court did not err in refusing to give the requested instruction set out in ground three of the amendment to the motion for new trial, which contained, among others, the statement that "a set-off can not be pleaded to an action ex delicto, when such set-off arises from dealings ex contractu;" the action not being ex delicto, and the assignment of error being upon the refusal of the entire request.

2. Neither a refusal to strike, on motion of the plaintiff, a given paragraph of the defendant's plea, nor the allowance of an amendment to such plea, constitutes a good ground of a motion for new trial, as an assignment of error upon such rulings must be made by direct exception.

3. Under the general ruling announced in the first headnote, there is no merit in the assignments of error upon the admission of the evidence referred to in the sixth and seventh grounds of the amendment to the motion for new trial; nor in the assignment of error in the exceptions pendente lite complaining of the overruling of "a demurrer to the plea of defendant;" nor in an assignment of error upon the following excerpt from the charge to the jury: "I charge you, if you find from the evidence in this case that the plaintiff is indebted to the defendant for the years nineteen hundred and twelve and thirteen, that he would have the right to set off that indebtedness against the account or claim of the plaintiff in this case;" nor did the judge in this instruction express "an opinion on the issues involved in the trial of said case."

4. A ground of a motion for new trial complaining that "the charge of the court was too vague, indefinite, and uncertain, in that it failed to fully and completely give the contentions of the parties at issue, and on account of such failure the jury was confused and misled," is itself so vague, indefinite, and general as to present no question for decision.

5. The evidence authorized the verdict, and the refusal of a new trial was not error. *Judgment affirmed. All the Justices concur.*

AUGUST 16, 1916.

Complaint. Before Judge Kent. Laurens superior court. February 15, 1916.

*Hal B. Wimberly* and *R. G. Hicks,* for plaintiff.