## TENNESSEE CHEMICAL COMPANY *v.* GEORGE.

In a suit by the owner and holder of a promissory note against the maker, where the defendant had deposited certain personal property with the plaintiff as collateral security for the note sued on and the plaintiff has converted the property to his own use, the defendant can maintain a cross-action for the difference between the value of the converted property and the balance due by the defendant on the note, where it is not shown that the property has been converted into money.

No. 4813.   JANUARY 15, 1926.

Question certified by Court of Appeals (Case No. 16172).

*Lowrey Stone,* for plaintiff.

*B. W. Fortson* and *J. M. Cowart,* for defendant.

RUSSELL, C. J. The Court of Appeals requested instruction upon the following question: "In a suit upon a promissory note

---

Actions 1 C. J. pp. 1031, n. 90; 1035, n. 40, 42, 43.
Recoupment, Set-Off and Counterclaim 34 Cyc. pp. 711, n. 8; 712, n. 9.

by the owner and holder thereof against the maker, can the defendant maintain a cross-action which sets up that he deposited certain personal property with the plaintiff as collateral security for the note sued on, and that the plaintiff converted the property to his own use, where the cross-action is for the difference between the value of the converted property and the balance due by the defendant on the note, and where it is not shown that the property has been converted into money ?"

The question must be answered in the affirmative. Under the provisions of section 4407 of the Code (1910), when a transaction partakes of the nature both of a tort and a contract, the complaining party may waive the one and rely solely upon the other. In *Bates* v. *Bigby,* 123 *Ga.* 727 (51 S. E. 717), in a suit for the value of a pair of double blankets left by the plaintiff with the defendant to be cleaned, and which were not returned to the plaintiff by the defendant, this court applied the above code section to the facts of the case and said: "All the authorities agree that where personal property is tortiously taken and converted into money, the owner may waive the tort and sue the wrong-doer in assumpsit. They differ, however, as to the right of the owner to sue in assumpsit where the wrong-doer has not sold or otherwise disposed of the property, but retains it for his own use. This court has held that where one wrongfully takes the personalty of another and converts it to his own use in some manner other than by a sale and receipt of money therefor, the owner is restricted to his right of action ex delicto—he can not waive the tort and sue ex contractu. *Cragg* v. *Arendale,* 113 *Ga.* 181 (38 S. E. 399), and cit. Where, however, a contractual relation exists between the parties, such as that of bailor and bailee, so that the latter rightfully obtains possession of the property, a tort arising out of a breach of the bailee's duty imposed by his relation may be waived by the bailor and assumpsit maintained, the reason being that the relation of the parties, out of which the duty violated grew, had its inception in contract." Citing cases. It is to be noted that the exact language of section 4407, supra, "when a transaction partakes of the nature both of a tort and a contract, the party complainant may waive the one and rely solely upon the other," makes no exceptions and imposes no condition, but gives an option to each party to a transaction which partakes of the nature both of a tort and a contract,—an option to

sue ex contractu or ex delicto according to his interest. The variation of the rule to meet special cases to which reference is made in the foregoing quotation has arisen by judicial construction. But though it has been held that where one takes the property of another, and converts it otherwise than by a sale, the owner is restricted to his right of action ex delicto and can not sue ex contractu (*Cragg* v. *Arendale,* supra; *Cherokee Graphite Co.* v. *Central of Ga. Ry. Co.,* 17 *Ga. App.* 52, 86 S. E. 258; *Southern Ry. Co.* v. *Born Steel Range Co.,* 122 *Ga.* 658, 50 S. E. 488; *Woodruff* v. *Zaban,* 133 *Ga.* 24, 65 S. E. 123, 134 Am. St. R. 186, 17 Ann. Cas. 974; *Southern Ry. Co.* v. *Roberson,* 136 *Ga.* 146, 71 S. E. 129), the holdings in *Bates* v. *Bigby,* supra, *Ford* v. *Atlantic Compress Co.,* 138 *Ga.* 496 (75 S. E. 609, Ann. Cas. 1913D, 226), *DeLoach* v. *Standard Sawmill Co.,* 125 *Ga.* 377 (54 S. E. 157), and *Turner* v. *Commercial Savings Bank,* 17 *Ga. App.* 631 (87 S. E. 918), sustain with equal clarity the proposition that where property is acquired rightfully or by virtue of a contract between the parties the tort may be waived and the owner may sue in assumpsit, even though the property has not been converted into cash, or its equivalent, by the wrong-doer.

It appears inferentially from the question that the Tennessee Chemical Company brought suit against Robert George upon a promissory note, to secure which George had deposited as collateral security certain personal property which the Chemical Company converted to its own use, and that in this suit George, by cross-action, attempted to recover an overplus which he claimed was due him by the company by reason of the fact that the value of the collateral converted by the company exceeded the balance of George's indebtedness upon the note (on which some payment had been made). Though it is well settled that an action ex delicto can not, as a general rule, be set off by cross-action against a suit ex contractu, the provisions of section 4407, supra, were evidently designed to provide for just such cases as the one presented by the question propounded by the Court of Appeals. So far from there being any conflict between the principles announced in *Bates* v. *Bigby,* supra, and cases of which *Cragg* v. *Arendale,* supra, is a type, it is readily to be seen that law as well as equity abhors a multiplicity of suits, and that the rights of two parties arising out of the same contract ought to be confined in one investigation,

especially where there is a conversion of property that originally came lawfully into possession of one who later converted it. We therefore hold that in a suit upon a promissory note by the owner and holder thereof against the maker, who deposited with the payee of the note collateral security therefor, the defendant can maintain a cross-action for the value of the personal property deposited with the owner and holder of the note as collateral security, and which the plaintiff has converted to his own use, even though it be not shown that the property so converted by the wrong-doer has been converted into cash or its equivalent.

The distinction between apparently conflicting rulings of the two types to which we have already referred depends upon whether or not the property converted was obtained rightfully or wrong-fully, and whether the transaction had its inception in contract. If the property was obtained wrongfully, the rule in *Cragg* v. *Arendale,* supra, and similar cases applies. If the property was acquired rightfully and by virtue of a contract between the parties, as in this case, the tort may be waived and the owner may sue on assumpsit, even though the property has not been converted into cash or its equivalent. *Bales* v. *Bigby,* supra.

For another reason the question must be answered in the affirmative. This is based on defendant's right to recoup. Civil Code (1910), § 4350. The case presented by the question of the Court of Appeals is one where the property converted was acquired right-fully and by virtue of a contract between the parties,—a contract of bailment, that of pledgor and pledgee, the property converted being the personalty deposited with the plaintiff by the defendant as collateral security for the defendant's promissory note; a suit on the note by the owner and holder against the maker; cross-action by the defendant setting up that he deposited certain personal property with the plaintiff as security for the note sued on; the plaintiff converted this collateral to his own use and was unable to return it to the defendant, as was his duty; defendant asks to recoup the difference between the value of the converted property and the balance due on the note. There is a cross-obligation on the part of the plaintiff, growing out of the very transaction sued on, to return and restore the property pledged. The obligation arises out of the same contract in which the indebtedness was created and secured. If the plaintiff is unable to deliver the

collateral, he must account to the defendant for its value in the adjustment of their mutual obligation. In *McAllister* v. *Millhiser*, 96 *Ga.* 474 (23 S. E. 502), where a partnership was sued upon an open account, and pleaded as a set-off that it had been damaged in a given amount because of plaintiffs' wrongful refusal to return certain promissory notes belonging to the partnership which had been pledged as collateral security of another debt to the plaintiffs, which had been fully paid before the plaintiffs brought their suit, the plea was stricken on demurrer; and in reversing the judgment of the lower court, Mr. Justice Lumpkin said: "We are at a loss to perceive why this was not a good defense to the plaintiffs' action. This action sounded in contract; the demand set up by the plea was based upon the breach of an implied contract to return the defendants' collaterals upon the payment of the debt they had been pledged to secure; and these demands were mutually existing between the parties at the time the plaintiffs' action was brought. It is true the defendants might have treated the unwarranted detention of their collaterals as a conversion of the same, and have maintained an action of trover for their recovery, in which they might have had a verdict either for the collaterals themselves, or for their value. But the defendants were not obliged to pursue this course, and had, beyond question, the right to bring an action for the breach of the implied promise to return; and if they could bring an action of the latter kind, they surely could obtain the same results by filing a set-off to an action brought against themselves by the plaintiffs, a plea of set-off being really in the nature of a cross-action." See also *Waring* v. *Gaskill,* 95 *Ga.* 731 (22 S. E. 659).

*All the Justices concur.*